Cornell v. Prescott.

SAME TERM.    *Before the same Justice.*

W. W. CORNELL *vs.* PRESCOTT and others.

L. CORNELL *vs.* PRESCOTT and others.

Persons purchasing premises incumbered by a mortgage, and assuming the payment
  of the mortgage, as a part of the purchase money, become, in equity, the principal
  debtors ; and although the mortgagor still remains liable to the mortgagee, for the
  payment of his bond, he is so liable only as the surety of the purchasers.
And after one of two joint purchasers has paid his share of the debt due upon the
  mortgage which was a lien on the premises, at the time of their purchase, although
  the whole of the premises remain liable to be sold for the payment of the mortgage
  debt, yet a court of equity will direct the interest of the other purchaser, in the
  mortgaged premises, to be first applied to the satisfaction of the mortgage. *Per*
  HARRIS, J.
In such a case, the lien of the mortgage upon the interest of the party who has paid
  his share of the mortgage debt will be regarded as in the nature of a security for
  the debt of his co-purchaser. *Per* HARRIS, J.
And the moment one purchaser has paid his share of the mortgage debt, he will have
  the right, without paying his co-purchaser's part of such debt, to apply to a court
  of equity to compel such co-purchaser to pay off his portion of the mortgage debt ;
  so that the lien of the mortgage upon the whole property may be discharged, and
  the purchaser who has paid his share be protected against a bond of indemnity
  given by them to the mortgagee. *Per* HARRIS, J.
Where two persons purchase premises incumbered by a mortgage, of which they
  assume the payment, and subsequently one of such purchasers pays the mortgage
  debt, and takes an assignment of the mortgage, he has a right to be substituted in
  the place of the mortgagee. *Per* HARRIS, J.
Such an assignment will not operate as an extinguishment of the mortgage, as be-
  tween the assignee and his co-purchaser ; *it seems.*

Cornell *v.* Prescott.

And after one of such purchasers has bought of his co-tenant his share of the mortgaged premises, and has assumed the payment of the mortgage which was a lien thereon, he is equitably estopped from setting up, as a defence against the mortgage, a payment made thereon by his co-tenant while he was a joint owner of the property.

Where A. & B. purchase premises incumbered by a mortgage, of which they assume the payment, and A. afterwards sells to B. his interest in the premises, the latter agreeing to pay the mortgage debt, and giving to the former a bond of indemnity against the same, A. may, in order to relieve himself from his liability to the mortgagee, for the payment of the debt, file his bill in equity, to compel B. to pay the mortgage debt to the holder; or he may pay such debt himself, and become the owner of the mortgage, and then file a bill to foreclose the same.

IN EQUITY. These were appeals from decrees made by the vice chancellor of the third circuit. Jacob D. Lansing, on the 6th of March, 1832, executed his bond and a mortgage upon certain premises in Troy, to William James, to secure $8000 and interest, payable in four years. On the 12th of March, 1836, Lansing sold to Latham Cornell and Prescott, defendants in the first of these causes, a part of the mortgaged premises. The purchasers assumed the payment of the bond and mortgage to James, as a part of the purchase money, and executed to Lansing a bond to indemnify him against his liability to pay his bond to James. On the 29th of March, 1841, Cornell sold his interest in the property purchased of Lansing, to Prescott; who assumed, as a part of the purchase money upon such sale, the payment of the James bond and mortgage, and executed a bond to Cornell to indemnify him against his liability upon the bond they had given Lansing. While Cornell and Prescott were the joint owners of the property, Cornell paid one half of the amount due on the James mortgage, and subsequently, in May, 1838, the James bond and mortgage was assigned to Wm. W. Cornell, the plaintiff in the first suit; to foreclose which mortgage the bill in that suit was filed.

In the purchase made of Lansing other premises were also included, which were incumbered by a mortgage executed by Lansing to the executors of Nathan Warren, deceased, to secure $5000 and interest. The purchasers assumed the payment of this mortgage also, as a part of the purchase money,

Cornell v. Prescott.

and executed a bond to Lansing to indemnify him against his bond and mortgage to the Warren estate. At the time Cornell sold to Prescott his interest in the property incumbered by the James mortgage, he also sold to him his interest in the property incumbered by the Warren mortgage, Prescott assuming the payment of the latter mortgage, and executing to Cornell a bond of indemnity. On the 5th of June, 1843, Latham Cornell purchased the Warren bond and mortgage; and the bill in the second suit was filed to foreclose that mortgage. The late vice chancellor of the third circuit, before whom both causes were heard on pleadings and proofs, made the usual decree for the sale of the mortgaged premises in each case; from which decrees Prescott appealed.

*S. G. Huntington*, for the appellant.

*H. W. Strong*, for the respondent.

Harris, J. I think the defendant Prescott has not succeeded in showing that the plaintiff, in the first suit, is a mere nominal party, holding the assignment of the James mortgage for the benefit of Latham Cornell. But in the view I have taken of the case it is of no importance whether William W. Cornell or Latham Cornell is to be regarded as the party beneficially interested in the mortgage. When Prescott and Cornell purchased the mortgaged premises of Lansing, and assumed the payment of the mortgage as a part of the purchase money, they became, in equity, the principal debtors; and although Lansing still remained liable for the payment of his bond, he was so liable only as the surety of Prescott and Cornell. After Cornell had paid his share of the mortgage, although the whole of the premises remained liable to be sold for the payment of the mortgage, yet a court of equity would direct Prescott's share of the property to be first applied to the satisfaction of the mortgage. The lien of the mortgage upon Cornell's share of the property would be regarded as in the nature of a security for Prescott's debt. According to the principle laid down by the

chancellor in *Marsh* v. *Pike*, (10 *Paige*, 597,) L. Cornell, the moment he had paid his share of the James mortgage, would have had the right, without paying Prescott's share of the mortgage, to apply to a court of equity to compel Prescott to pay off his share of the mortgage, so that its lien upon the whole property might be discharged and he be protected against the bond of indemnity they had executed to Lansing. But if L. Cornell could thus compel Prescott to discharge his share of the mortgage, I can see no reason why he would not be entitled, upon the same principle, on paying the bond and mortgage, to be substituted in the place of the mortgagee. Assuming that Latham Cornell, and not William W. Cornell, was the real owner of the James mortgage after it was assigned, I know of no rule which would require this court to hold such an assignment to be an extinguishment of the mortgage as between Prescott and Latham Cornell.

But whatever right Prescott might have had, to set up such a defence while L. Cornell remained a joint owner of the mortgaged premises with him, he certainly could have no such right after he had become the purchaser of L. Cornell's interest and had assumed the payment of the very mortgage, which he now claims was then held by Cornell, as a part of the purchase money. Having in March, 1841, purchased of L. Cornell his share of the property, and, instead of paying the purchase money or executing a new security upon the property, having agreed to pay the mortgage which he *now* pretends was *then* owned by L. Cornell, he is, I think, equitably estopped from setting up, as a defence against the mortgage, the payment by L. Cornell while he remained a joint owner of the property.

In any view I have been able to take of the case, the mortgage sought to be foreclosed in the first suit is to be regarded as a valid subsisting lien upon the mortgaged premises, and the plaintiff is entitled to a decree to enforce it.

In respect to the mortgage in the second suit, I can see no ground upon which Prescott can rest the defence he has set up. When Cornell became the owner of that mortgage, Prescott had become the owner of the whole of the mortgaged premises,

and was bound not only to pay the mortgage but to indemnify every other person liable for its payment, against such liability. Why, then, might not Cornell, as well as any other person, become the owner of that mortgage, and as such enforce its payment against the party and the property primarily and equitably liable for its payment ? If, as was held by the chancellor in the case of *Marsh* v. *Pike*, Lansing, the mortgagor, might, himself, have paid this bond and mortgage, and have been substituted in the place of the mortgagee, not only as to the remedy against those who had agreed to indemnify him, but also against the mortgaged premises, there certainly can be no good reason why Cornell should not be permitted to do the same thing. The same principle would apply to each case. Both being liable for the payment of the debt, and Prescott being liable to indemnify each against his liability, either would have the right, for the purpose of relieving himself from his responsibility for the payment of the debt, to file his bill to compel Prescott to pay off the mortgage to the holder, or to pay the mortgage himself and become its owner, and then as in this case file his bill of foreclosure. The decree of the vice chancellor in each case must be affirmed, with costs.

