# BRANCH BANK AT MOBILE vs. ROBERTSON ET ALS.

1. When a debtor becomes insolvent, and executes a deed of trust to secure certain of his creditors, a court of chancery will make a *pro rata* distribution of the proceeds among all the creditors who are provided for, when the deed creates no preference among them.

2. A creditor is entitled to the benefit of all pledges and securities

Branch Bank at Mobile v. Robertson et als.

which the principal debtor places in the hands of his surety to be applied to the payment of the debt.

ERROR to the Chancery Court of Greene. Tried before the Hon. W. W. Mason.

In 1843, Robert C. Macon executed a deed of trust to secure certain of his creditors against liability on debts for which they were bound as sureties for him, some of which debts were due to the Branch Bank at Mobile. John R. Robertson, who was one of the securities provided for, filed this bill on behalf of himself and such of the other secured creditors as would come in and contribute to the expenses of the suit, against the trustee, for a settlement of the trust. The Branch Bank at Mobile propounded its interest in the trust fund by petition to the court, asking to be made a party, and also appeared before the master on the taking of the account, and excepted to his report. The chancellor, on final decree, decided that it was the principal object of the deed to secure the sureties who were provided for against all loss, and as the evidence taken before the master showed that the trust fund in the hands of the trustee was insufficient to fully indemnify them against the debts which they had already paid off, the Bank was not entitled to a *pro rata* share of the fund on the secured debts which were due to it, and still unpaid. The provisions of the deed are fully recited in the opinion of the court.

PIERCE, for plaintiff in error:

I. The bill from the face of it is in effect a creditor's bill, filed against a trustee who has the funds of the debtor in his hands. It prays that the trustee "be decreed out of the trust fund, to apply toward the payment of the debts of R. C. Macon, such ratable share as they may be entitled."

1. Then all the creditors provided for in the trust should be made parties, or notified and required to produce their claims before the register. As to the proceedings in such a case, see Story's Eq. Pl., § 99, and notes; § 103, 102, 104.

2. The Branch Bank being a creditor named in the deed, should have been allowed to prove her claim before the master.— 2 Paige, 19.

II. According to any fair construction of the deed, the Branch Bank was entitled to a ratable share of the trust fund.

The deed enumerates the debts for which the securities are bound; the second debt mentioned is one due to the Branch Bank. It then states the object to be to protect and save harmless the securities on said debts; provides that the debts enumerated shall be paid off and discharged; and if the funds are not sufficient to satisfy all, then the trustee shall appropriate the fund ratably among the several debts and liabilities therein named. So far from saying that any security who may have paid off the debt for which he is bound, should be first paid, the deed provides expressly that he shall be entitled to his ratable proportion.

1. Then this deed is made for the benefit of all the creditors named in the deed, and not alone for the securities.

2. If made for the benefit of securities alone, it is well settled that the creditors are entitled to the benefit of it.—1 Story's Eq. Ju., §§ 502 and 638. This holds good even when the creditor was ignorant of the security given when the debt was incurred.—See 9 Paige, 432-5-6; 2 Sand. Ch. 478. This doctrine is also acknowledged by the court in the case of Toulmin et al. v. Hamilton, &c., 7 Ala. 368.

THORNTON & SEMPLE, *contra:*

The only material question is, what under the facts of the case and the provisions of the deed, should have been done with the money in the hands of the trustee, or raised by the sale? If by the true construction of the deed the sureties were to be protected, then as they have paid out more than the property sold for, there is nothing for the Bank to obtian, and further litigation would be useless strife.

The deed recites the debts of the grantor, and declares the aim and purpose of the deed to be to save harmless and protect the sureties on said debts. This is the prominent and first provision of the deed, and controls any subsequent declarations. In the case presented, that intention of protection to the sureties of the grantor would be frustrated by the *pro rata* distribution of the fund among the whole of the creditors, instead of among the several sureties who have paid out under execution large amounts to the creditors. For the grantor is utterly insolvent,

and cannot pay back to them any part of what they have thus paid out for him, which appears by the bill. It seems to me that the sureties ought to be refunded what they have paid out, and the remainder only divided out, if any, among the creditors.

The object of the deed of trust is clearly to protect the sureties. This then is the general intent, and the concluding terms of the deed show only the manner in which it is to be done, forming the particular intent, which must yield to the general intent.

The term " enumerated debts," must be understood as applying to the debts to be created in favor of the sureties by their paying the debts for which they were liable, or becoming immediately liable to pay the debts on which they were sureties.— See Talliaferro v. Brown, 11 Ala. 702.

CHILTON, J.—The only question in this case is, whether the deed of assignment executed by Robert C. Macon conferred such an interest upon the Bank as entitled it to come in as a beneficiary under the decree and share in the distribution of the trust fund?

After a careful examination of the provisions of the deed, we do not entertain a doubt but that the chancellor misapprehended its import. It is true the deed purports to have been executed for the avowed object of saving harmless and indemnifying the securities of the grantor, against their liability upon certain enumerated demands, among which are the claims of the Bank; but while this is true, it by no means follows that these securities shall have the right to appropriate the fund as they see proper. We must look to the deed and see what direction it gives as to the application of the funds, in the event there should not be sufficient means to discharge the whole of the debts for which they are liable, and against which it proposes to indemnify them. The deed is made for their protection and indemnity, but the manner in which they are to be protected and indemnified is particularly set forth, and we are pleased to see that it accords with strict justice and equality.

The deed, after providing for a sale of the property conveyed, in the event of default of payment of the debts secured by the same, on the part of the grantor, and for the appropriation of the proceeds by the trustees to the payment of all the debts for which the securities were liable, then proceeds as follows : "And

.if the fund arising from the sale of the land and property here-by conveyed, should not be sufficient to pay off and satisfy in full all the foregoing debts intended to be secured and paid by this trust, then it shall be the duty of said trustees to appropriate the fund arising from the sale ratably among the several debts and liabilities herein named." And, as if the grantor anticipated the very state of case presented by this record, he proceeded to declare that "If either of the said debts shall have been paid by any of the securities of the said Macon, such security so having paid said debt shall be entitled to his *pro rata* share of said fund." This provision in the deed is too clear to need the aid of argument to show that the fund, being in adequate to discharge all the debts secured, must be apportioned ratably among the several creditors, and the security who has paid any of the debts can receive no greater share than the creditor whom he has paid would have been entitled to.

In the absence, however, of such a provision in the deed for a ratable distribution of the fund, the grantor being insolvent and no preference being secured to any particular creditor, the Chancery Court, which proceeds upon the maxim that "equality is equity," would make a *pro rata* division of the proceeds among all the creditors whose debts are provided for.

But, considered in another view, the decree of the chancellor is erroneous, since it overlooks the well established principle that the creditor is entitled to the benefit of all pledges and securities which the principal debtor places in the hands of his surety to be applied to the payment of the debt.—1 Story's Eq. Ju. § 638; Per Sir Wm. Grant, in Wright v. Mosley, 11 Ves. 22; Per Lord Ch. Cowper, in Parsons v. Briddock, 2 Ver. 608; Toulmin et al. v. Hamilton et al., 7 Ala. 367-8, and cases cited.

Let the decree of the chancellor be reversed, and the cause remanded.