### ROLLER, guardian, vs. SPILMORE.

A person who undertakes to act as the agent of infants and protector of their rights, and in that character obtains a conveyance in his own name, which was intended for their benefit, will be considered as holding the legal title in trust for them.

A complaint in an action by a guardian of infant children alleged that the father of said children had conveyed certain land to prevent its sale upon a judgment, with an understanding that the grantee would reconvey it to him; that after his death the defendant, at the request of his widow, undertook to act as the agent of said children in obtaining a reconveyance of the land for their benefit, and having procured an appointment as administrator of the estate of the deceased grantor, paid, as such administrator and agent, $600 to said grantee, and procured an absolute conveyance of the land to himself, said grantee intending that the conveyance should be for the benefit of said children, and supposing that it contained words giving it that effect; and that the defendant afterwards sold the land for $7,600, and paid the judgment, but refused to account for the residue of the money, claiming that the conveyance had been made to him for his own use: *Held*, on demurrer, that the complaint stated facts sufficient to constitute a cause of action, and that the widow was not a necessary party plaintiff.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this action alleged that one Michael Spilmore, in 1842, conveyed a certain tract of land in the county of Milwaukee, to one Hagelmeyer, for a pretended consideration of $600, but really in trust for himself, and for the sole purpose of preventing the property from being seized upon an execution against him in favor of one Skinner, and with an understanding that Hagelmeyer was to reconvey the

land to him. Hagelmeyer did not reconvey during the life-
time of said Michael, and after the death of the latter,
in 1853, his widow, wishing to secure the land for their
two infant children, requested the defendant *Jacob Spilmore*,
who was a brother of said Michael, to take charge of their
interests, and he accordingly undertook to act as the agent of
said children, and as such to recover the land from Hagel-
meyer for their use. For that purpose he procured himself to
be appointed administrator of the estate of said Michael, and
as such administrator, and as agent for said children, and for
their sole use, paid to said Hagelmeyer the sum of $600, and
obtained a release and conveyance of the land from Hagel-
meyer to himself, without any trust expressed in the deed,
but with an understanding between him and Hagelmeyer,
that the conveyance was made to him only as a trustee for
said children, for whose sole use and benefit Hagelmeyer in-
tended the conveyance, and supposed that the deed contained
the necessary words to give it that effect. In the year 1855
the defendant sold the land for $7,600, receiving $2,000 in
cash, and securing the payment to himself of the remainder
by mortgage upon the land. After the sale and before the
commencement of this action, he had received payments re-
ducing the amount due on the mortgage to $3,200. The de-
fendant had also paid the judgment of Skinner against Mi-
chael Spilmore. The plaintiff, as guardian of said children,
had endeavored to obtain from the defendant payment of the
money received by him for said land, less the amounts paid
to Skinner and Hagelmeyer; and also to procure an assign-
ment of the securities held by the defendant for the balance
of the price of said land; but the defendant had refused to
make such payment or assignment, denying that the convey-
ance of the land by Hagelmeyer was made to him as a trus-
tee for said children. Prayer, that the defendant be adjudged
to pay to the plaintiff as guardian, &c., or to some suitable
person to be appointed by the court, all the moneys received
by the defendant as purchase money of said land, (less the
amounts paid to Hagelmeyer and Skinner), with interest, and
that he assign in like manner the securities aforesaid.

The defendant demurred to the complaint, for defect of

parties plaintiff, and because it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and the defendant appealed.

*Leander Wyman,* for appellant:

1. If the children of Michael Spilmore had an equitable interest in the land mentioned in the complaint, or in the proceeds thereof in the hands of the administrator, his widow had also such an interest, and a complete determination of the controversy in respect to such fund cannot be had without her presence in court as a party. R. S., chap. 125, sec. 4; chap. 122, sec. 20; *Frazer vs. Greenhill,* 3 Code R., 691; 1 Whittaker's Pr., 69. 2. It appears from the complaint that the alleged agreement of the defendant to purchase and hold the land as a trustee for the children, was not in writing. It was therefore void by the statute of frauds. R. S., chap. 84, secs. 1-10; chap. 106, sec. 6; chap. 108, secs. 2 and 3; *Fox vs. Heffner,* 1 W. & S., 372, 376; *Bander vs. Snyder,* 5 Barb., (S. C.), 63; *Hall vs. Shultz,* 4 Johns., 240; *Sherrill vs. Crosby,* 14 id., 357; *Botsford vs. Burr,* 2 John. Ch. R., 406; 7 Barb., (S. C.), 59; 7 Cranch, 176; 4 East, 577, note; 2 Watts, 323; 9 id., 32-42; 10 id., 320; 2 Atk., 71. Parol evidence is inadmissible to prove a verbal agreement of an agent to purchase an estate for his principal, where the agent purchased the estate for himself with his own money. White's Eq. Cases, p. 200; *Bartlett vs. Pickersgill,* 1 Eden, 515; *Bottsford vs. Burr, supra; Freeman vs. Kelley,* 1 Hoffman, 90, 93, 98; *Smith vs. Burnham,* 3 Sumner, 435, 462; *Pinnock vs. Clough,* 16 Vt., 500, 506, 509. If an estate is obtained by fraud, courts will set aside the sale, but will not declare a trust. The fraud, however, must consist in something more than a mere verbal agreement to purchase the estate for the benefit of another, and then refusing to fulfill such agreement. 2 White & Tudor's Eq. Cases, pp. 556-7; *Fairchild vs. Rasdall,* 9 Wis., 379. In regard to the case of *Sweet vs. Jacocks,* 6 Paige, 362, counsel contended, (1). That the statute of frauds was not discussed or passed upon in that case. (2). That the defendant there paid no part of the consideration. (3). That the whole case turns upon the fact that the children might have been, and *prima facie* were, le-

gitimate, and therefore entitled to their share of the estate, independently of any action on the part of Jacocks, and that the deed from the elder children to Jacocks was a mere nullity. 3. The fact that the defendant was administrator of the estate of Michael Spilmore, does not give him the character of a trustee in purchasing this property. The property was no part of the estate. It was in law and equity beyond the reach of the heirs and representatives of the deceased. The defendant therefore stood towards this property in the position of any private individual, having no duty, as administrator, in relation to it. *Jackson vs. Garnsey*, 16 Johns., 189; 7 Mass., 161; 3 id., 354; 1 Story's Eq. Jur., § 371.

*D. G. Rogers* and *Palmer & Stark*, for respondent, cited in their brief, in support of the plaintiff's right to relief upon the facts stated in the complaint, *Sweet vs. Jacocks*, 6 Paige, 359; id., 364; *Parkist vs. Alexander*, 1 Johns. Ch. R., 394; *Lees vs. Nuttall*, 1 Tamlyn, 282 (5 Eng. Ch. R., 393); same case, 2 Mylne & Keene, 819; *Keech vs. Sandford*, 1 White & Tudor's Leading Cases in Eq., p. 32, and cases there cited. The relief in these cases is granted on the ground of fraud and breach of trust on the part of persons acting in a fiduciary capacity. The policy of the law forbids that administrators, executors, attorneys and others holding positions of trust, and having duties to perform in reference to property for their principals or *cestuis que trust*, should acquire any interest for themselves in such property. Sec. 6, chap. 57, R. S., 1849 (sec. 6, chap. 84, R. S., 1858), expressly saves the power of the court to enforce such trusts "arising or resulting by implication of law." 2. The first ground of demurrer erroneously assumes that the children are seeking by this action to enforce some right which they have inherited from their father, and in which his widow must therefore have an interest. The defendant is, in fact, charged with a trust in favor of said infant children alone, arising from his acts while employed as their agent, to procure for their sole use and benefit the real estate described.

*By the Court*, COLE, J. This is an appeal from an order overruling a demurrer to the complaint. On the argument

November 19.

June Term,
1860.

ROLLER
v.
SPILMORE.

we were given to understand, by the counsel for the respon-dent, that notwithstanding the circuit court was with him, and adjudged the complaint good, yet the complaint had been so amended as to make our decision upon this de-murrer, even if adverse to him, of but little practical import-ance, and therefore he declined arguing the case here. Un-der these circumstances, since our decision will mainly affect only the costs upon the appeal, we do not feel called upon to enter upon any particular examination of the vari-ous allegations of the complaint. We will simply state that in our judgment the demurrer was properly overruled. The . complaint does allege that the appellant obtained the land mentioned therein while acting as agent and trustee for and on behalf of the infant children of Michael Spilmore. If such is the case, he cannot be permitted to retain the avails of that property obtained thus in a fiduciary capacity, for his own use and benefit. For "it is a settled principle of equity, that where a person undertakes to act as an agent for another, he cannot be permitted to deal in the matter of that agency upon his own account and for his own benefit. And if he takes a conveyance in his own name, ·of an estate which he undertakes to obtain for another, he will in equity be considered as holding it in trust for his principal. *Park-ist vs. Alexander*, 1 Johns., Ch. R., 394; *Lees vs. Nuttall*, Taml. Rep., 282; same case, 2 Mylne & Keen, 819. More especially in a case where he assumes to act as the agent and protector of the rights of infants, and in that character obtains a conveyance in his own name, which was intended for their benefit, will he be considered as holding the legal title in trust for them." *Sweet vs. Jacocks*, 6 Paige, 364. We cannot perceive why the above remarks of the chancellor are not strictly and precisely applicable to the case disclosed in this complaint. The counsel for the appel-lant attempted to distinguish this case from that of *Sweet vs. Jacocks*, but the principle of that case applies fully and squarely to the facts of the case at bar, and is decisive of it.

The order of the circuit court overruling the demurrer is affirmed.