VICENTA EDMONDS ET AL. V. LAURA SHEAHAN.

1. CONFEDERATE MONEY.—A co-surety, who discharged a judgment by paying it in Confederate money, can maintain an action for contribution against the other surety.

2. SAME.—The value of the Confederate money, at the payment, with interest, was the amount which such payment would entitle plaintiff to recover; not the amount of the judgment discharged.

APPEAL from Bexar.   Tried below before the Hon. George H. Noonan.

June 7, 1867, Vicenta Edmonds, joined with her husband and Manuel Ytuni Castille, brought suit against William B. Jaques, alleging that on December 18, 1852, Ira L. Hewitt, for use, &c., obtained a judgment in the District Court of Bexar county, against the administratrix of the ancestor of plaintiffs and said Jaques, for $1,773 and interest, costs, &c., as sureties, and that on October 24, 1862, plaintiffs being sole heirs, &c., paid off said judgment, then amounting to $3,168.95; that the said Jaques was equally liable with their ancestor on said debt, and that he was liable to one half of the said judgment so paid off and satisfied; judgment for half of said judgment, with interest from its payment, was asked.

Pending the suit, the defendant died, and his daughter and sole legatee, Laura D. Sheahan, was made party.   She is also executrix, with power to administer, without control of the Probate Court.

The defendant pleaded that the judgment was obtained by fraud, the court having had no jurisdiction over said Jaques, and that the payment of the judgment by plaintiffs was made in Confederate States treasury notes, and so no action would arise, &c.

On the trial it was shown that the payment was made by plaintiffs, as alleged, but made in Confederate money.

The plaintiffs offered testimony as to the value of Confederate money at the time of the payment, but the testimony was excluded.

The court instructed the jury, "if you believe that plaintiffs made the payment alleged in their petition in Confederate money, such payment constitutes no claim against the defendant."

The jury found a verdict for defendant; and motion for new trial being overruled, plaintiffs appealed.

*S. G. Newton* and *W. B. Leigh*, for appellants.

*Waelder & Upson*, for appellee.

GOULD, ASSOCIATE JUSTICE.—The charge of the court, denying to the plaintiff any recovery for a payment made in Confederate money, is not in accordance with the law as held in the later decisions of this court. This error in the charge entitles plaintiffs to a reversal of the judgment. (Matthews *v.* Rucker, 41 Tex., 636.)

It was error, also, for the court to refuse to hear testimony as to the value of the Confederate money paid in satisfaction of the judgment. The amount which the plaintiffs were entitled to recover of their co-surety was regulated by what they actually paid, and not by the amount of the judgment discharged. If they paid off the judgment with Confederate money, the value of that Confederate money, when paid, constituted the basis of plaintiffs' claim. They could not speculate in the debt to the disadvantage of their co-surety. (1 Leading Cases in Equity, p. 156, and references; Tarr *v.*

Ravenscraft, 12 Grattan, 642; Edgerly *v.* Emerson, 3 Foster, 555; The Bank of Mobile *v.* Robertson, 19 Ala., 798.)

REVERSED AND REMANDED.