# McMullen *et al. v.* Neal's Adm'r.

*Bill in Equity by Creditor, to enforce and foreclose Mortgage given by Principal Debtor to Surety.*

1.　*Subrogation of creditor to rights of surety under mortgage given by principal debtor.*—When a debtor executes a mortgage, or deed of trust, for the declared purpose of securing his accommodation indorsers; authorizing the trustee to sell the lands, if he "should make default in paying said debt at maturity, and with the proceeds pay said bill of exchange," &c.; the deed enures to the benefit of the creditor, although it was executed without his knowledge: his acceptance of its provisions will be presumed, and he may enforce it against a purchaser with notice.

　2.　*Same; entering satisfaction of mortgage; when purchaser is chargeable with notice.*—When a mortgage, or deed of trust, is executed by a debtor with the declared purpose of securing his sureties, but in terms which make it enure to the benefit of his creditor, and it is duly recorded; the sureties can not, while the debt remains unpaid, impair the rights of the creditor, by entering satisfaction, or directing the trustee to enter satisfaction, on the record of the deed ; and a purchaser from the debtor, after such entry of satisfaction, is chargeable with notice of the creditor's rights under the deed.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. HENRY C. SPEAKE.

The original bill in this case was filed on the 3d August, 1870, by the personal representative of George W. Neal, deceased, against John H. McMullen and wife, Joseph C. Bradley, and William H. Wortham ; and said Wortham having died pending the suit, it was revived against his administrator and heirs.　The object of the bill was to enforce and foreclose a deed of trust, hereinafter described, and to subject the lands conveyed by it to the payment and satisfaction of the debt described in it.　The deed, a copy of which was made an exhibit to the bill, was in these words :

"Whereas Joseph C. Bradley, Ferdinand L. Hammond, and George W. Carmichael, of Madison county, Alabama, have this day indorsed a bill of exchange, as an accommodation to me, for the sum of $2,288.10, dated this day, due at twelve months, drawn by me in favor of said Joseph C. Bradley, on Bradley, Wilson & Co., New Orleans, Louisiana: Now, for the purpose of securing the said Bradley, Hammond, and Carmichael, I, the said John H. McMullen, have, and by these presents do convey, sell, and transfer all my right, title, and interest in and to the west half of the south half of section eight (8), township three (3), range two (2) east, lying in Madison county, Alabama, unto D. C. Hum-

phreys, trustee, in trust that I am to remain in possession of the same the present year, and, should I make default in paying said bill at maturity, then the trustee may proceed, after giving thirty days' notice, to sell to the highest bidder for cash the land before described, and with the proceeds pay said bill of exchange, with all costs, damages, &c. Witness my hand and seal, this 30th day of January, 1860."

This deed was signed by said John H. McMullen and his wife, and by said D. C. Humphreys; was regularly acknowledged by all of said parties, and was recorded in the office of the probate judge of said county on the 6th February, 1860. The said bill of exchange was negotiated by said George W. Neal, and was his property; and not being paid at maturity, the debt was extended for twelve months, and another bill of exchange executed by the same parties, and in the same form, for $2,723.87. This latter bill was unpaid when the bill was filed, and was made an exhibit to the bill. The bill alleged, also, "that on the 24th January, 1863, notwithstanding said bill of exchange remained unpaid, said Bradley, Hammond and Carmichael instructed said Humphreys, as trustee, to enter satisfaction of the said deed, as appears by an entry on the margin of the registration of said deed; and said Humphreys, on the 11th May, 1863, pursuant to said order, did release and discharge the said property from the lien cieated by said deed. And complainant shows that said entry of satisfaction was not made by the order, consent, or knowledge of his intestate; nor did he ever receive payment or satisfaction of said bill of exchange; and said entry was not authorized by him, but, on the contrary, he earnestly objected and protested against the same, as soon as the same came to his knowledge." The bill alleged, also, that McMullen "thereafter" sold and conveyed the said lands to the defendant Wortham; that Wortham bought with knowledge, "direct and constructive," that the lands were subject under the deed of trust to the payment of said debt, and should in equity be held a trustee of the lands for the benefit of the complainant. The prayer of the bill was, that an account might be taken of the complainant's debt, and also of the rents and profits of the land; that a trust in favor of the complainant might be declared against Wortham, and the lands be sold for the payment of the amount ascertained to be due; and the general prayer was added, for other and further relief.

Decrees *pro confesso* were taken against all the defendants except Wortham, who filed an answer, admitting the execution of the deed of trust as alleged, but denying that said George W. Neal had any rights under it, or any knowledge

of its execution at the time it was given; averring that he negotiated the bill of exchange solely on the personal responsibility of the parties to it, and without any reference to the deed of trust; admitting that he purchased the lands from McMullen on the 31st January, 1863, and paid in cash $3,236, which was their full value; alleging that said purchase was made "after the record entry of the direction to the trustee to enter satisfaction of said deed, and without notice, either actual or constructive, that complainant's intestate either had, or pretended to have, any claim or right to said land, by lien, subrogation, or otherwise;" and alleging, also, that said George W. Neal, up to his death, in October, 1869, having knowledge of the entry of satisfaction of said deed, never objected to it, nor complained of it, and never asserted any right or claim under the deed of trust, although the drawer and indorsers of the bill had for many years been insolvent.

The direction of Bradley, Hammond, and Carmichael, to Humphreys, to enter satisfaction of the deed, which was made an exhibit to Wortham's answer, was as follows : "The undersigned, Joseph C. Bradley, Ferdinand L. Hammond, and George W. Carmichael, beneficiaries in a deed of trust made by John H. McMullen and wife to David C. Humphreys as trustee, and conveying to him a tract of land lying and being in Madison county, Alabama, described as," &c., "to secure us as indorsers of a bill of exchange drawn by said John H. McMullen on Bradley, Wilson & Co., New Orleans, La., for the sum of $2,288.10, dated Huntsville, Ala., 16th January, 1860, payable to the order of Joseph C. Bradley twelve months after date thereof, do hereby authorize and direct the said David C. Humphreys, as such trustee, to enter satisfaction on the record of said deed, which is recorded in the office of the judge of probate of Madison county, Alabama. Witness our hands, this 24th January, 1863." And the entry of satisfaction by the trustee was as follows : "Pursuant to the above order, I hereby release and discharge the property mentioned in this deed, from the lien created thereby, May 11, 1863;" to which his name was subscribed.

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, and his decree is now assigned as error.

L. P. WALKER, for appellants, cited *Houston v. Branch Bank*, 25 Ala. 259; *Hodgson r. Shaw*, 3 Myl. & K. 183; *Pond v. Scott*, 44 Ala. 241.

D. P. LEWIS, with CABANISS & WARD, contra, cited Burge on Sureties, 324; 1 Story's Equity, § 638; Moore v. Harrison, 1 Eq. Cas. Abr. 93; Wright v. Morley, 11 Vesey, 12–21; Moses v. Murgatroyd, 1 John. Ch. 119; Phillips v. Thompson, 2 John Ch. 418; Toulmin v. Hamilton, 7 Ala. 362; Troy v. Smith & Shields, 33 Ala. 469; Constant v. Mattison, 22 Ill. 546; Clark v. Ely, 2 Sandf. Ch. 166; Ten Eyck v. Holmes, 3 Sandf. Ch. 428; Briggs v. Davis, 20 N. Y. 15.

STONE, J.—The trust deed given by McMullen to Humphreys, trustee, is more than an indemnity to Bradley, Hammond, and Carmichael, his accommodation indorsers. It is a security for the payment of the debt. The language of the deed is, "should I make default in paying said bill at maturity, then the trustee may proceed, after giving thirty days' notice, to sell to the highest bidder, for cash, the land before described, and with the proceeds pay said bill of exchange, with all costs, damages," &c. This deed is a direct security to the holder of the bill of exchange; and when the bill matured, and was dishonored, he was not bound to wait until the indorsers were damnified, by forced collection of the money, by suit, or otherwise. He had the right then to demand that the trustee should execute the trust for his benefit; and if the trustee had refused, or failed to do so, he could, in equity, at once have coerced a sale of the property, for the payment of his claim. This right springs out of the very language of the trust deed; and if Neal had no agency in procuring the execution of the deed, and even knew nothing of its existence, this does not, in the least, impair or qualify his rights. The security existed, whether he knew it or not; and being for his benefit, the law presumes his acceptance of its provisions.—See Branch Bank of Mobile v. Robertson, 19 Ala. 798; Huckabee v. Billingslea, 16 Ala. 414; Ohio Life Ins. &c. Co. v. Reeder, 18 Ohio, 35; Osborn v. Noble, 46 Miss. 449; Homer v. Savings Bank, 7 Conn. 478; Roberts v. Colvin, 3 Gratt. 358; Daniel v. Joyner, 3 Ired. Eq. 513; Eastman v. Foster, 8 Metc. 19; Moses v. Murgatroyd, 1 Johns. Ch. 119; Constant v. Matteson, 22 Ill. 546; Cullum v. Br. Bank, 23 Ala. 797.

On the general doctrine of subrogation, see Furnold v. Bank of Mo., 44 Mo. 336; Toulmin v. Hamilton, 7 Ala. 362; Ohio Life Ins. Co. v. Ledyard, 8 Ala. 866; Troy v. Smith & Shields, 33 Ala. 469; Phillips v. Thompson, 2 Johns. Ch. 418; 1 Story's Eq. Jur. §§ 499, et seq. and notes; Clark v. Ely, 2 Sandf. Ch. 166; Wright v. Morley, 11 Vesey, 12; Hodgson v. Shaw, 3 Myl. & K. 183; Wiggins v. Dow, 3 Sumn. 410; 2 Brick. Dig. 384, §§ 141 to 153; Leary v. Cheshire, 3 Jones'

Eq. 170; *McCune v. Belt*, 45 Mo. 174; *Aldrich v. Hapgood*, 30 Verm. 617; *Miller v. Sawyer*, 3 Verm. 412.

The first bill of exchange, to secure the payment of which the deed of trust in the present record was executed, matured in December, 1860. The renewed bill matured, and was dishonored, 24-27 December, 1861. On 31st January, 1863, more than a year afterwards, McMullen sold and conveyed the mortgaged lands to Wortham, and received the purchase-money from him. There is no proof that Wortham, when he purchased and paid, had received actual notice of the trust deed, or of Neal's rights thereunder. The bill of exchange was never in fact paid. On the 24th January, 1863, Bradley, Hammond, and Carmichael, styling themselves beneficiaries under said trust deed, gave directions to Humphreys, the trustee, "to enter satisfaction on the record of said deed, which is recorded in the office of the judge of probate of Madison county." Humphreys entered satisfaction on the record, May 11, 1863, pursuant to said order. The record is silent, whether the direction to enter satisfaction was attached to, or spread on the record, before Humphreys actually entered the satisfaction—May 11th, 1863. The circumstances tend to show, that it was not. But we consider that immaterial. The registration was constructive notice of the existence of the deed, to all persons trading for the land; and it was equally constructive notice of Neal's interest thereunder. If Wortham saw, or had knowledge of the direction given by Bradley, Hammond, and Carmichael, to enter satisfaction, he was equally notified that Neal did not unite in such direction. This was enough to put him on inquiry, as to Neal's interests. These could not be certified away, by Bradley, Hammond, and Carmichael.

We need not, and do not, decide whether a mere direction to enter satisfaction, even by all the beneficiaries, without such actual entry, would be enough. Possibly, such direction would be treated as a mere power, subject to revocation, until acted on and executed.—See Code of Ala., §§ 2222-3. Nor do we decide whether or not an unauthorized entry of satisfaction by the trustee, Humphreys, would have authorized Wortham to purchase afterwards, and thus place himself on the high vantage-ground of a *bona fide* purchaser without notice. That question is not before us, as Wortham purchased long before Humphreys made the entry of satisfaction.—See *Thrall v. Spencer*, 16 Conn. 139; *Jones v. Quinnipiack Bank*, 29 Conn. 25; *Himes v. Keller*, 3 W. & Serg. 401; *Houston v. Br. Bank at Huntsville*, 25 Ala. 250.

W are unable to regard Mr. Wortham as a *bona fide* pur-

[Benagh, adm'r, v. Turrentine, adm'r.]

chaser without notice; and the result is the decree of the chancellor is affirmed.

BRICKELL, C. J., not sitting, having been of counsel.