Durham *et al. v.* Craig.

———————◆———————

No. 8641.

DURHAM ET AL. *v.* CRAIG.

PRINCIPAL AND SURETY.—*Mortgage.*—*Subrogation.*—A mortgage by the principal debtor to the surety, with condition that the mortgagor shall pay the debt, and that the surety shall be indemnified, is in equity available to the creditor, and he may resort to the mortgaged property for the satisfaction of his debt.

SAME.—*Merger.*—*Satisfaction.*—The subsequent purchase, by the surety, of the property mortgaged, does not merge the mortgage as against the creditor, nor can the surety enter satisfaction of it.

SAME.—*Notice.*—If such mortgage be duly recorded, the record charges all subsequent purchasers and mortgagees of the property with notice of the rights of the creditor.

SAME.—*Principal and Agent.*—*Trust and Trustee.*—Where an agent, making a loan of money for his principal, takes a mortgage to secure the loan in his own name, instead of the name of the principal, he is in equity regarded as holding the mortgage in trust for the principal.

NOTICE.—*Equity.*—One who, with notice of an equity, purchases the estate of one who has no notice, ordinarily takes the estate discharged from the equity ; but if, having notice, he first sells the estate and then buys it back, the case is an exception to the rule.

SUPREME COURT.—*Assignment of Error.*—*Practice.*—Where a complaint is good against one of several defendants thereto, a joint assignment of error by all, which questions its sufficiency, is not available as to any of them.

SAME.—An assignment of error that the court erred in rendering the judgment, is too general to raise any question in the Supreme Court.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush,* for appellants.

*G. W. Paul* and *J. E. Humphries,* for appellee.

FRANKLIN, C.—This is an action by Ruth Craig (appellee), upon a note executed by Joseph T. Hanna, James Green and Thomas F. Craig, and for the foreclosure of a mortgage executed by said Hanna and Green, including others claiming an interest in the mortgaged premises, all of whom are appellants. All of the complaint was withdrawn except the fifth paragraph. Appellants were all defaulted except Durham. He filed an answer in two paragraphs, the second being a denial. A demurrer was sustained to the first paragraph of his answer, he refused to amend or answer over, and elected to stand upon the demurrer, and withdrew his denial. An exception was reserved to the sustaining of the demurrer, and judgment was rendered for the appellee.

Appellants have all jointly assigned in this court, as error, that the complaint does not state facts sufficient to constitute a cause of action.

Durham *et al. v.* Craig.

There can be no question as to the complaint being a suffi-cient cause of action, on the note, against the makers, and also to foreclose the mortgage as against Craig. This assignment is therefore unavailable as to any of the appellants.

Durham then makes a special similar assignment of error as to him.

This requires a more specific examination of the complaint. It avers, in substance, that, on the 26th day of June, 1871, said Hanna and Green were partners in the business of keeping a livery, feed and sale stable in Crawfordsville, Indiana, and owned seventh-twelfths of the real estate upon which the sta-ble was situated; that they then made arrangements with said appellee to borrow of her the sum of $1,000; that to consum-mate the same she directed her agent, Thomas F. Craig, to let them have the money, take their note and a mortgage on the livery-stable property to secure its payment; that the money was to be used by the partners in the livery-stable business; the agent let them have the money, took their note and mort-gage, signed the note himself as surety, delivered the note to appellee, and informed her that he had taken the mortgage. She, for some time, supposed that the mortgage was also exe-cuted to her, but upon learning that it was executed to said Craig, her agent, at her request, Craig assigned, by delivery, the mortgage to her. The mortgage was duly recorded the 27th day of June, 1871; that it still remains unsatisfied, and the money unpaid; that on the 30th day of January, 1872, said Craig, having a full knowledge of all the facts, and with-out the knowledge or consent of appellee, purchased said Green's interest in said property and livery-stable business, etc., and agreed, in writing, to pay off half of the indebted-ness of said partnership, including said appellee's debt; that, on the 12th day of August, 1873, said Craig, with a full knowledge of all the facts, and without the knowledge or con-sent of appellee, purchased said Hanna's interest in said prop-erty, livery-stable business, etc., and agreed, in writing, to pay off all the indebtedness of both of said partnership firms, in-

cluding said appellee's debt; that he had paid all of said in-
debtedness except the said debt coming to appellee; that
on the 5th day of September, 1877, said Craig, in viola-
tion of appellee's rights in said real estate, executed to the
defendant William H. Durham a mortgage to secure a debt
that was due from said Craig to said Durham, evidenced by
a note made by said Craig more than one year prior to the
making of said last named mortgage, and that said Craig re-
ceived no new consideration whatever for making said mort-
gage, and said Durham gave no new consideration for the
making of said mortgage; that the same was a voluntary act
on the part of Craig to secure a pre-existing debt; that said
Durham had notice of all of said facts, and is claiming that
his mortgage is valid as against appellee; that her lien is prior
and superior to said Durham's, and that she has a right to re-
sort to the vendor's lien held by Hanna & Green for their in-
demnity for the payment of her debt, and that the same is
superior and senior to the mortgage of said Durham. Copies
of the various instruments referred to are filed as exhibits to
the complaint.

The mortgage sought to be foreclosed by appellee contains
the following clauses:

"The condition of the above mortgage is, that whereas the
said Thomas F. Craig has become surety on a certain note, of
even date herewith, of Hanna & Green for the sum of $1,000,
due one day after date, with ten per cent. interest from date,
payable to Mrs. Ruth Craig. Now, if the said Hanna &
Green faithfully and punctually pay said note, then this mort-
gage shall be null and void, otherwise to remain in full force.
And whenever said Craig shall become liable for said note
aforesaid, he may proceed to foreclose said mortgage, with a
reasonable fee for plaintiff's attorneys, without relief from
valuation or appraisement laws."

As to this mortgage, appellant's counsel claim that Craig,
the mortgagee, by purchasing the mortgaged premises and as-
suming the payment of the mortgage debt, extinguished the

mortgage; that it merged into the higher title, the deed; and a number of authorities are cited in support thereof. This might be true, if the mortgage is to be regarded as simply an indemnifying mortgage to the surety, and that Durham is an innocent purchaser for value without notice of appellee's equities. But we think this mortgage has a two-fold obligation; before it can become null and void, the note must be paid as well as the surety indemnified.

Where property is mortgaged to a surety, and the condition of the mortgage is that the mortgagor will pay the note which the surety has signed and indemnify the surety, the mortgage and mortgaged property are held in trust for the creditor and for the payment of the debt, and the creditor has a right in equity to have the property applied to the payment of the debt. *Gunel* v. *Cue,* 72 Ind. 34; *Rittenhouse* v. *Kemp,* 37 Ind. 258–262; 1 Jones Mortgages, secs. 386, 387; Story Equity, sec. 499e; *Constant* v. *Matteson,* 22 Ill. 546–556; *Roberts* v. *Richards,* 36 Ill. 339–342; *Jacques* v. *Fackney,* 64 Ill. 87; *City Nat. Bank, etc.,* v. *Dudgeon,* 65 Ill. 11; *Vail* v. *Foster,* 4 N. Y. 312–314; *Moses* v. *Murgatroyd,* 1 Johns. Ch. 119; *Curtis* v. *Tyler,* 9 Paige, 431; *Green* v. *Dodge,* 6 Ohio, 80; *Eastman* v. *Foster,* 8 Met. 19, 23 and 27; *Butler* v. *Ladue,* 12 Mich. 173; *Van Orden* v. *Durham,* 35 Cal. 136–145; *New-London Bank* v. *Lee,* 11 Conn. 112; *Wright* v. *Morley,* 11 Vesey, 12; *Seibert* v. *True,* 8 Kan. 52–65; *Rice* v. *Dewey,* 13 Gray, 47–49; *Wright* v. *Austin,* 56 Barb. 13–18; *Pierce* v. *Robinson,* 13 Cal. 116–122; *Saylors* v. *Saylors,* 3 Heisk. Tenn. 525, 531; *Price* v. *Trusdell,* 28 N. J. Eq. 200–204; *Watson* v. *Rose's Ex'rs,* 51 Ala. 292–298; *Saffold* v. *Wade's Ex'r,* 51 Ala. 214; *Crosby* v. *Crafts,* 5 Hun, 327; *New Bedford Institution, etc.,* v. *Fairhaven Bank,* 9 Allen, 175–178; *Heid* v. *Vreeland,* 30 N. J. Eq. 591; *Farmers Bank* v. *Teeters,* 31 Ohio St. 36; *Varney* v. *Hawes,* 68 Me. 442.

Where a mortgage is made to a surety, containing an obligation to pay the debt as well as indemnify the surety, it enures to the benefit of the creditor as well as the surety, that

after acceptance by the creditor the surety can not satisfy it, release it or otherwise dispose of it, without the consent of the creditor, and when duly recorded the record is notice of its contents to a purchaser. *McMullen* v. *Neal,* 60 Ala. 552; *Boyd* v. *Parker & Co.,* 43 Md. 182; *McCracken* v. *German Fire Ins. Co.,* 43 Md. 471; *Osborn* v. *Noble,* 46 Miss. 449; *Ross* v. *Wilson,* 7 Sm. & M. 753; *Phillips* v. *Thompson,* 2 Johns. Ch. 418; Brandt Suretyship, secs. 283 and 384.

There is a distinction made between such a mortgage and one containing no promise or obligation to pay the debt, but only to indemnify the surety.

When a mortgagor sells the mortgaged premises, and the purchaser assumes the payment of the mortgage debt as a part of the consideration money, the land is in his hands a primary fund for the payment of the debt, and the vendee in equity, as between him and his vendors, becomes the principal debtor for the mortgage debt, and either the creditor or the vendor has the right to have the land applied to the payment of the mortgage debt, in preference to a creditor of the vendee. Appellant is a creditor of the vendee, Thomas F. Craig. *Josselyn,* v. *Edwards,* 57 Ind. 212; *Hoffman* v. *Risk,* 58 Ind. 113; *Scarry* v. *Eldridge,* 63 Ind. 44; *Russell* v. *Pistor,* 7 N. Y. 171; *Crowell* v. *Hospital of Saint Barnabas,* 27 N. J. Eq. 650–655; *Snyder* v. *Summers,* 1 Lea, Tenn. 534–539; *Trent* v. *Kyle,* 1 Heisk. 663; *Ledos* v. *Kupfrian,* 28 N. J. Eq. 161–164; *Manwaring* v. *Powell,* 40 Mich. 371; *Richardson* v. *Hockenhull,* 85 Ill. 124; *Meyer* v. *Lathrop,* 17 Hun, 66; *Calvo* v. *Davies,* 73 N. Y. 211–215; *Comstock* v. *Drohan,* 71 N. Y. 9; *Miller* v. *Thompson,* 34 Mich. 10; *Vrooman* v. *Turner,* 69 N. Y. 280; *Crawford* v. *Edwards,* 33 Mich. 354; *Huyler* v. *Atwood,* 26 N. J. Eq. 504; *Reid* v. *Sycks,* 27 Ohio State, 285; *Johnson* v. *Zink,* 51 N. Y. 333; *Abell* v. *Coons,* 7 Cal. 105; *Cornell* v. *Prescott,* 2 Barb. 16; *Jones* v. *Parks,* 78 Ind. 537.

The appellee's debt against Hanna and Green, being a partnership debt, was intended to be secured by the mortgage upon

the partnership property, and was an equitable lien on the firm property. A sale of their interests separately, one at a time, in said property, to Thomas F. Craig, and he assuming to pay the partnership debts, including appellee's claim, and the amount thereof being deducted from the purchase price of the property, did not divest appellee of her equities. The debt thus assumed continued a lien and trust upon said property in the hands of said Craig. And the property thus specifically charged with the payment of said debt, upon the application of appellee, may be sold for its payment. Parsons on Partnership, 3d ed., side p. 372; *Menagh* v. *Whitwell*, 11 Am. Rep. 683; *Morss* v. *Gleason*, 64 N. Y. 204; *Seaman* v. *Huffaker*, 21 Kan. 254; *Conroy* v. *Woods*, 13 Cal. 626; *Phillips* v. *Thompson*, 7 Am. Dec. 535.

A mortgage taken by an agent in his own name instead of the name of the principal, to secure a debt of the principal, is held by the agent in trust for the principal; and the principal may foreclose the mortgage and subject the property to the payment of the debt. *Rood* v. *Winslow*, Walk. Mich. 340; *Rood* v. *Winslow*, 2 Doug. Mich. 68; *Rogan* v. *Walker*, 1 Wis. 527; *The Wisconsin Bank* v. *Morley*, 19 Wis. 62; *Whiting* v. *Gould*, 2 Wis. 552; *Roller* v. *Spilmore*, 13 Wis. 26.

We think the complaint states sufficient facts to establish appellee's equities, in asking that the mortgage be foreclosed for her benefit, and that it constitutes a good cause of action against appellant Durham.

The third alleged error complained of is the sustaining of the demurrer to the first paragraph of appellant Durham's answer.

The substance of this paragraph of the answer is, that said Thomas F. Craig, on the 5th day of September, 1877, executed a mortgage to him upon the same premises named in the complaint, to secure the payment of one promissory note for $990 (the mortgage shows the note was dated September 3d, 1876, and due one day after date); that he assigned the note and mortgage to his co-defendant, Peter C. Somerville; that

the mortgage was foreclosed by said Somerville at the April term, 1879, of the Montgomery Circuit Court; that, at a sheriff's sale upon said decree of foreclosure, he purchased said property for the sum of $500, and then held the sheriff's certificate for a deed to the same. It then avers the sale and conveyance of Hanna and Green's interest in the mortgaged property to said Craig, as set forth in the complaint, and that Craig assumed the payment of the debt to appellee; that Craig agreed to cancel and extinguish the mortgage sued on by appellee; that, at the time Craig assumed to pay said appellee's debt, the payors thereof were solvent and able to pay; that, at the time he received his mortgage from Craig, Craig represented that the mortgaged property was unincumbered, and that appellee gave no notice to the parties to the mortgage that she claimed any interest in the same, as she is now attempting to foreclose; and that his claim is paramount to all other liens and claims, especially that of appellee. The answer contains no denial of appellant's knowledge of appellee's equities in the premises.

There is a discrepancy in the description of the property as set forth in the two mortgages. In appellant's mortgage the description commences at a point on the north end of the lot, ten feet west of the point where the description commences in appellee's mortgage, and ends at the same place, the directions and distances being the same. This makes appellant's mortgage include a strip ten feet wide, north and south, upon the west side, which is not included in appellee's mortgage, and leaves out a similar strip upon the east side, which is included in appellee's mortgage.

This paragraph professes to answer the whole complaint, and in this particular it fails to do so. This discrepancy may have originated from some clerical error, but, if so, we can not tell in which mortgage it occurs.

Under this paragraph of answer appellant's counsel claim that although appellant took his mortgage to secure a preexisting debt, without any new consideration whatever being

paid, he is nevertheless to be held as an innocent purchaser for value, and is protected against existing secret equities. And in support thereof we are referred to the cases in this court of *Work* v. *Brayton,* 5 Ind. 396, and *Babcock* v. *Jordan,* 24 Ind. 14.

The rule of decision by this court upon this question, since the time of said decisions, has been changed, and now is the other way, that the giving of a mortgage to secure the payment of a pre-existing debt, without any new consideration, does not make the mortgagee a purchaser for value, so as to protect him against existing secret equities. *Busenbarke* v. *Ramey,* 53 Ind. 499 ; *Gilchrist* v. *Gough,* 63 Ind. 576–584; *Davis* v. *Newcomb,* 72 Ind. 413. See the cases therein cited. The rule in these latter cases has since been followed by this court.

But in this paragraph there is no averment that appellant, at the time he took his mortgage, had no notice of appellee's equities. There is an allegation that she gave no notice of her claim to the parties to her original mortgage, but appellant was not a party to that mortgage, and was not included in that allegation; and as the complaint charged him with notice, and the record of the mortgage was notice of its contents, under the averments of the answer, he can not be regarded as an innocent purchaser by the taking of his mortgage.

Appellant's counsel further urge that, if he was not an innocent purchaser for value in the taking of his mortgage, he afterwards transferred the note and mortgage to Peter C. Somerville, who was an innocent purchaser for value, and as he had bought the property upon Somerville's decree of the foreclosure of the mortgage, and had purchased the residue of the judgment over the amount of the sale, he then became an innocent purchaser for value, by being entitled to the benefits of Somerville's innocence. There is a rule of law, that one with notice purchasing from another without notice is protected by the innocence of his vendor. But this is an exception to that rule, and is governed by another rule, and

that is, if one having notice sells to another without notice, and then buys back the same property, he loses the benefit of the innocence of the other, and his original notice re-attaches.

We think this paragraph of the answer was insufficient, and there was no error in sustaining the demurrer to it.

The last alleged error complained of is, that the court erred in rendering the decree in favor of the appellee, Ruth Craig.

No special objections have been pointed out to the decree, except that part in relation to the surplus, if any, being paid over to appellant Durham, and he certainly ought not to complain of this. No motion was made in the court below to change or modify the decree; no objections or exceptions were taken to its form or substance. And the assignment of error is too general and indefinite to present any question for decision.

We find no error in this record.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is in all things, affirmed, with costs.