Josselyn *et al. v.* Edwards.

---

## JOSSELYN ET AL. *v.* EDWARDS.

VENDOR AND PURCHASER.—*Alienation of Real Estate.*—*Conveyance.*—*Quantity Conveyed, "More or Less."*—*Representations.*—*Fraud.*—*Action for Purchase-Money.*—*Pleading.*—In an action against the purchaser of a tract of real estate, conveyed to him by warranty deed as containing a specified number of acres, "more or less," to recover for purchase-money evidenced by a promissory note, and to foreclose a mortgage given to secure its payment, it is no defence to answer, that, during the negotiations resulting in such conveyance, representations upon which the defendants relied, and which subsequently proved to be untrue, were made by the vendor to the purchaser, that the tract so conveyed contained a certain number of acres, unless it be also alleged that such representations were made fraudulently and with intent to deceive the purchaser.

SAME.—*Assuming Encumbrance.*—*Payment of, by Grantor.*—*Action against Grantee.*—*Subrogation.*—*Foreclosure.*—*Judgment.*—*Valuation Laws.*—*Attorney Fee.*—*Principal and Surety.*—A tract of real estate, which was encumbered by a mortgage executed by the owner to another, to secure the payment of a promissory note for a certain sum, waiving valuation laws and stipulating for attorney fees, was conveyed by the owner to a third person by a deed, which, particularly describing such encumbrance, provided that the grantee, as part of the consideration for such conveyance,

should assume and pay the same at maturity, "in accordance with the terms thereof." Such grantee having made default in such payment; his grantor paid off the same and brought an action against the grantee to recover the same.

*Held*, that the plaintiff, being himself bound for such debt to the mortgagee, by paying off the same, became subrogated to the rights of the latter, and was entitled to a judgment for the amount of such note, waiving valuation laws and including attorney fees, and to have foreclosure of such mortgage.

*Held*, also, that, as between the defendant and plaintiff, their relations became, by such contract of conveyance, that of principal and surety respectively on such debt.

From the Marion Superior Court.

*C. W. Smith, R. O. Hawkins* and *C. H. Remy,* for appellants.

*G. H. Chapman, U. J. Hammond* and *J. J. Hawes,* for appellee.

NIBLACK, J.—The appellee, George B. Edwards, on the 22d day of January, 1872, purchased of William Clinton Thompson, one of the defendants in the court below, a tract of land adjoining the city of Indianapolis, for the sum of fourteen thousand dollars, and on that day received a conveyance for the same, by warranty deed, from the said Thompson.

The land was described in the deed as "All that part of the east half of the north-west quarter of section twenty-six (26), township sixteen (16) north, range three (3) east, which lies east of the Michigan road and north of the county road which runs north-easterly through said quarter section, the parcel now conveyed containing thirty-eight acres, more or less."

To provide for the payment of the purchase-money, Edwards executed to Thompson, on the same day, four promissory notes, each for the sum of three thousand five hundred dollars, and payable without relief from valuation or appraisement laws, with six per cent. interest from date, and ten per cent. after maturity, and five per cent. attorney fees in case of suit for collection. The first

was payable one year, the second two years, the third three years, and the last four years, after date.

Edwards also executed to Thompson a mortgage on the land so purchased by him, to secure the payment of these notes, describing the land substantially as above, and re-ferring to it also as " containing thirty-eight acres, more or less."

On the 18th day of June, 1873, after the first promis-sory note above referred to had become due and had been paid by Edwards, he, the said Edwards, sold and con-veyed the same tract of land to the appellants, Alanson K. Josselyn and Homer R. Josselyn, describing the land in his deed of conveyance to them as " that part of the east half of the north-west quarter of section twenty-six (26), township sixteen (16) north, of range three (3) east, which lies east of the Michigan road and north of the county road that runs north-easterly through said quar-ter section, and which, under such description, was con-veyed to the said George B. Edwards by William Clinton Thompson, by deed of date January 22d, 1872."

This deed also contained a stipulation, as follows:

" The deed of conveyance herein is intended to be, and is, subject to a certain mortgage by the said George B. Edwards to the said William Clinton Thompson, of date January 22d, 1872, securing three notes, each of them for the sum of thirty-five hundred dollars ($3,500), becoming due re-spectively in two, three and four years from their date, given by the said George B. Edwards for [the] purchase-money of all the real estate hereby conveyed either to the said Homer R. Josselyn or the said Alanson K. Josselyn; and these notes, together with the interest accrued and to accrue thereon, and in accordance with the terms thereof, the said Homer R. Josselyn and Alanson K. Josselyn jointly and severally assume and agree to pay at matu-rity, as a part of the consideration named in this deed of conveyance."

The Josselyns failed to pay the first note, when it became

due, which they had thus assumed to pay. Edwards thereupon paid it, and by that means came into the possession of it.

Edwards then commenced suit against the Josselyns, to recover the amount thus paid in taking up the note, and for the foreclosure of the mortgage given to secure it and the other notes.

Thompson and several others were made codefendants, to answer as to their supposed interests in the mortgaged premises. All except the Josselyns, however, either made default or disclaimed any interest in the suit.

The Josselyns answered:

First. The general denial;

Second. That, at the maturity of the note which the said Josselyns had so failed to pay, it was paid by Edwards, and Thompson had entered satisfaction of the mortgage as to that note, and had assigned the remainder of said notes to one David J. Pierce, who then held the entire interest therein; and,

Third. That the lands sold by the said Edwards to the said Josselyns had been platted, but the plat had not been recorded; that, at the time of the negotiation for the purchase of said lands by the Josselyns, Edwards delivered to them said plat, which showed a division thereof into a large number of lots, and what purported to be the superficial area of each of said lots, indicated by figures on the face of each lot, and which figures Edwards represented did show the exact superficial area of each lot; that, relying on said representations, and believing the same to be true, they, the said Josselyns, agreed to give the said Edwards the sum of forty-five thousand two hundred and seventy dollars for the entire tract of land, which amount was arrived at by estimating the land at one thousand three hundred and thirty-two dollars per acre, as the superficial area appeared by taking the aggregate of the areas of the several lots upon said plat; that, as a part of said sum above named as the agreed purchase-money, they, the said Josselyns, were to

pay said notes of Edwards to Thompson; that after the execution and delivery of said notes and mortgage for the remainder of the purchase-money, and after the acceptance of the deed from said Edwards, they, the said Josselyns, had a survey of the grounds made, and it was discovered that the areas of the said several lots had not been correctly stated, and that the entire tract fell short of what was thus represented, to the extent of one acre and a half. Therefore the consideration for their undertaking with said Edwards had failed to the amount of two thousand one hundred dollars, which amount they, said Josselyns, then offered to set off against any amount which might be found due the said Edwards herein.

Edwards demurred to the third paragraph of the answer, and his demurrer was sustained by the court, to which the Josselyns excepted.

Issue being joined, the cause was submitted to the court for trial. The court made a special finding of the facts, which was in substantial accordance with the allegations of the complaint.

As a conclusion of law from said facts, the court further found that there was due and owing to said Edwards, as principal and interest on the promissory note so taken up and paid by him, the sum of four thousand one hundred and sixty-eight dollars and twenty-eight cents, and the further sum of one hundred and seventy-five dollars attorney fees, as stipulated to be paid by said note, making in all the sum of four thousand three hundred and forty-three dollars and twenty-eight cents.

A motion for a new trial was submitted and overruled, and exceptions to the overruling of that motion, as well as to the conclusions of law at which the court had arrived, were reserved.

The court then rendered judgment against the Josselyns for the amount thus found to be due and owing to Edwards, to be collected without relief from valuation laws. Also, decreed a foreclosure of the mortgage and

ordered a portion of the mortgaged premises, estimated to be sufficient for that purpose, to be sold to satisfy said judgment.

The cause was appealed to the general term of the court below, and the judgment was there, in all things, affirmed.

It is insisted here, that the court below erred in sustaining the demurrer to the third paragraph of the answer of the Josselyns.

The complaint showed that the Josselyns purchased the land by well-defined boundaries, and without any specification in the deed to them of the quantity of acres it contained. The deed from Thompson to Edwards, and the mortgage from Edwards to Thompson, of which, according to the averments of the complaint, the Josselyns had full notice, both disclaim the specific designation of any given number of acres, in describing the land. We think it is not a sufficient answer to the complaint in this case to allege, that, during the negotiation for the purchase of the land, certain representations were made, not embraced in the deed, as to the number of acres it contained, which proved to be untrue, unless it be also shown that such representations were made fraudulently, and with the intention of deceiving the purchasers. For aught that appears in this third paragraph, Edwards may have been honestly mistaken in the representations he is alleged to have made as to the superficial area of the land, and, on that theory, the Josselyns were without remedy, as they had accepted a deed without any stipulation as to the quantity of land they had purchased. In our opinion, the paragraph was bad on demurrer.

It is also insisted here, that the action in this case was not properly based on the note which the Josselyns made default in paying, and, hence, that the court erred in rendering judgment without relief from valuation laws, and in allowing a sum of money for attorney fees for the collection of the note.

The Josselyns assumed to pay the notes of Edwards to Thompson at maturity, "together with the interest accrued and to accrue thereon, and in accordance with the terms thereof."

Under that stipulation, Thompson would have had the right to have proceeded against the Josselyns in default of the payment of the note in question, for its collection. Had he thus proceeded, we presume it will not be questioned that he would have been entitled to a judgment against them without relief from valuation laws, and for five per cent. as attorney fees, additional to the amount due for principal and interest. It inevitably follows, that whatever Thompson might have recovered of Edwards on the note and mortgage, could have been recovered by him from the Josselyns, under their contract with Edwards. While Edwards was not in any way relieved of his obligation to pay the note to Thompson by his contract with the Josselyns, yet, under the contract, they, the Josselyns, became in equity the principal debtors, and he only their surety, as between themselves. The Josselyns having failed to pay the note, and Edwards having paid it and taken it up, the latter became subrogated to all the rights of Thompson in the debt of which the note furnished the evidence, and in whatever security existed for the payment of the note, and became in equity entitled to whatever judgment against the Josselyns that Thompson would have been, if Edwards had not paid the note. See *Marsh* v. *Pike*, 10 Paige, 595; *Ferris* v. *Crawford*, 2 Den. 595; *Cherry* v. *Monro*, 2 Barb. Ch. 618; *Cornell* v. *Prescott*, 2 Barb. 16.

In this view of the case, we think the court did not err in rendering judgment collectible without relief from valuation laws, nor in including an allowance for attorney fees in the judgment.

Other questions were presented by the assignment of errors in the general term of the court below, but as they

are not insisted upon in this court, we are not required to consider them.

We see no error in the record.

The judgment is affirmed, with costs.