No. 8770.

HILL, ADM'R, v. MINOR ET AL.

MORTGAGE.—*Foreclosure.*—*Instalment Notes.*—*Assumption of Indebtedness.*—A mortgage which secures several notes maturing at different times, and which has been foreclosed as to the last note falling due, may again be foreclosed for the remaining notes as against a person who has purchased

the equity of redemption after the foreclosure, with full knowledge that the prior notes were unpaid, and who assumed to pay them as a part of the purchase-money.

SAME.—*Estoppel.*—*Merger.*—Such person is equitably estopped to insist that the mortgage is merged in the foreclosure proceedings.

From the Elkhart Circuit Court.

*A. Anderson, H. D. Wilson* and *W. J. Davis,* for appellant.
*J. D. Osborn, E. G. Herr* and *J. A. S. Mitchell,* for appellees.

BEST, C.—On the 6th day of April, 1863, John Lacount executed to Philip M. Henkle a mortgage upon certain real estate, to secure three promissory notes given for the purchase-money, maturing one, two and three years from date respectively, with interest, and without relief from valuation laws, the first and second for $200 each, and the third for $130. The notes and mortgage were transferred by delivery to the appellant's intestate, and the land was conveyed, by *mesne* conveyances, to Joseph Miltenberger, who conveyed it to Norton J. Minor, one of the appellees, and whose deed contained the following stipulation : " This conveyance made subject to a certain mortgage executed by John Lacount to Philip M. Henkle, of Goshen, Indiana, which said mortgage is dated April 6th, 1863, and duly recorded in the recorder's office of said county, in Record 6, at page 288, of the mortgage records of said county, which said mortgage said Norton J. Minor hereby assumes and agrees to pay."

On the 7th day of September, 1874, this suit was brought to foreclose the mortgage as to the first and second notes, and to obtain a personal judgment against Lacount, as maker of the notes, and against Minor upon his assumption to pay them. Minor answered that after the maturity of the third note, and before his purchase, the appellant's intestate foreclosed the mortgage as to the third note, purchased the property at the foreclosure sale, and during the year for redemption he, Minor, purchased the property of Miltenberger, paid the purchase-money, except the amount of the foreclosure judgment, as-

sumed to pay the mortgage without any notice that the first and second notes remained unpaid, and afterward fully paid the judgment by the redemption of the property.

This answer was held good by this court. *Minor* v. *Hill*, 58 Ind. 176. Afterward, issues were properly formed, the cause submitted to the court, and, at the request of the parties, the court found the facts specially, stated its conclusions of law thereon, to which appellant excepted, and rendered final judgment for the appellees.

The appellant appeals and insists that the court erred in its conclusions of law.

The facts found are these : " The defendant Lacount, on the 6th day of April, 1863, executed to the defendant Henkle the mortgage and notes, copies of which are filed with the complaint, and also a third note referred to in the complaint and secured by said mortgage, said notes being given for a part of the purchase-money of the real estate described in said mortgage. On the 12th day of April, 1863, said Henkle assigned said notes and mortgage to Henry B. Hill, plaintiff's intestate, as is averred in the complaint, said mortgage having been duly recorded, April 6th, 1863. Said Henkle never had any personal right, title or interest in or to said notes and mortgage, but held them for the use of said Henry B. Hill, the beneficial and real owner thereof, and in manner following, to wit: Said Hill had been and was the owner of said real estate, and said Henkle was his agent for the sale thereof, and said Lacount, negotiating for the purchase thereof, refused to accept a deed directly from said Hill, but insisted that Henkle should be his grantor, and accordingly Hill conveyed to Henkle, and Henkle conveyed to Lacount, who gave to Henkle said notes and mortgage, and Henkle assigned the same to Hill, never having had any interest therein other than as shown by the facts stated. Henkle was the agent of Hill for the sale of several other tracts of land, and for the collection of notes and mortgages given therefor, and continued such agent for some years, to wit, at least until 1866. When the

agency terminated is not shown. On the 21st day of July, 1863, said Lacount, by deed, conveyed said real estate, subject to said mortgage, to George P. Morse, who, on March 12th, 1866, conveyed the same by deed to Orsenus D. Minor (the father of the defendant Norton J. Minor), said conveyance, by the terms of said deed, being subject to said mortgage, which said Minor assumes and agreed to pay. On September 29th, 1866, said O. D. Minor conveyed said land to Joseph Miltenberger by deed, by the terms of which the conveyance was subject to said mortgage, which said Miltenberger assumed and agreed to pay, and said Miltenberger, on October 28th, 1873, conveyed said land to the defendant Norton J. Minor by deed, a copy of which is filed with the complaint. Said conveyances were all made by warranty deeds, which were duly recorded, except the deed from O. D. Minor to Miltenberger, which was recorded October 21st, 1868. The notes sued on were due at commencement of this suit, and were then, and remain yet, unpaid, amounting, principal and interest to this date, to the sum of $753, which, if anything, plaintiff is entitled to recover. On the 28th day of August, 1873, said Henry B. Hill, by his attorney, William C. Wilson, commenced an action in the Elkhart Circuit Court against the defendants Lacount and Henkle and said Joseph Miltenberger, upon the third and last note described in said mortgage, and for the foreclosure of said mortgage, and on September 6th, 1873, duly obtained judgment thereon for $211.73, and a decree for the foreclosure of said mortgage, and an order for the sale of said land to satisfy said judgment and decree. And afterward, to wit, November 1st, 1873, by virtue of said order of sale duly issued, said land was duly sold by the sheriff to the plaintiff Henry B. Hill for the amount of said decree and costs, from which sale, within one year thereafter, the defendant Minor made redemption by paying the proper sum to the clerk of the county for that purpose, and which redemption money was received by said Hill. The defendant Minor, at and before the date of the deed from Miltenberger to him,

had notice that the two notes now in suit had not been paid,
and also knew that they were not included in said decree of
foreclosure, but supposed said notes had been lost. At the
time of the drawing and executing of said deed by Milten-
berger to defendant Minor, Minor requested that the assump-
tion of the mortgage and debt be left out of the deed, as he
expected to pay the judgment on the one note anyhow. Mit-
tenberger refused to execute a deed unless it would include
the whole of the mortgage, and thereupon the deed was drawn
and executed as set out in the complaint, upon the consider-
ation of $1,100 (as named in the deed), which was paid in per-
sonal property in part, and the remainder in the assumption
of said mortgage, as in the terms of said deed expressed. Said
personalty was worth about $700, but what estimate, if any
particular estimate, was placed upon it by the parties, is not
shown. When said action of foreclosure was begun, and until
after decree and sale thereon of said land, the notes now in
suit were in possession of said Henkle, but his possession was
unknown to, or had been forgotten by, him and said Hill. It
is uncertain on the testimony, whether said Henkle had ever
surrendered actual possession of said notes to said Hill before
1874, but the stronger probability seems to be, and the court
accordingly finds, that within a few days after their date said
Henkle did send said notes and mortgage by mail to said Hill,
and within two years said Hill returned said two notes (now
in suit) to said Henkle for collection, and about that time the
title to the land having been brought into litigation, no fur-
ther steps were taken to enforce collection until 1872, when
said Hill sent the third note and mortgage to his attorney
Wilson, and the same was foreclosed, as already found and
stated, it having in the mean time been forgotten or over-
looked that said two notes were in possession of said Henkle.
In 1874, said Henkle having been requested by the attorney of
Hill to do so, made search for said notes, and found the same and
delivered them to plaintiff's attorney, and thereupon this action
was commenced. Said Henry B. Hill, after commencing this

suit, died.   The present plaintiff is his duly appointed admin-istrator.   The defendant Lacount gave no consent to entering of said decree of foreclosure upon said note alone, and without including said notes now in suit, unless such consent must be inferred from the record of said foreclosure suit.   Said La-count did not appear to said suit, but the judgment and de-cree therein had against him were taken upon default."

When this case was here before the question presented for decision was thus stated:   " Can the holder of a mortgage on real estate, and three notes secured thereby, payable at dif-ferent times, after having foreclosed the mortgage for the note last due, again foreclose it for the two notes first due, as against the purchaser of the equity of redemption, who pur-chased after the first foreclosure, subject to the mortgage, and paid the purchase-money except the amount due on the mort-gage, which he assumed to pay as part of the purchase-money, he having no notice at the time of his purchase that the two notes first due had not been paid ?"

This question was decided in the negative.   The court, af-ter declining to decide whether or not the holder of several notes, payable at different times and secured by the same mort-gage, after all have matured, can have separate actions to foreclose the mortgage upon each note, said:   " In this case, when Minor bought the equity of redemption and stipulated to pay the mortgage, judgment of foreclosure had been entered upon the last note, and he had no notice that the prior notes had not been paid, and it seems clear to us that he had a right, as against the plaintiff's intestate, to presume, from the fact that the foreclosure was entered upon the last note only, that the prior ones had been paid.   As against him, under these circumstances, it would be inequitable to allow another fore-closure."

This conclusion was based upon the alleged fact, that he, Minor, had no notice, at the time of his purchase, that the two notes first maturing had not been paid ; and as the facts found not only show that he did have notice that they were unpaid,

but that he especially stipulated to pay them, it would be in-equitable, we think, not to allow a foreclosure against him. At the time of his purchase the mortgage had been foreclosed as to the third note, and, if it be conceded that such foreclosure merged the mortgage in the judgment, it did not satisfy the debt for which the mortgage was executed, nor did it exoner-ate the maker of the notes, nor any vendee of the property who had assumed their payment, from a personal liability to pay them.

The assumption of the mortgage debt by Minor rendered him personally liable to pay it. *McDill* v. *Gunn,* 43 Ind. 315; *Josselyn* v. *Edwards,* 57 Ind. 212; *Bentley* v. *Vanderheyden,* 35 N. Y. 677.

Miltenberger had assumed to pay the mortgage debt, but, as between him and Minor, it was the duty of the latter to pay it. After Minor's purchase, his relation to Miltenberger was that of principal, and, had the latter paid the debt, he would have been subrogated to all the rights of the holder of the mortgage. *Josselyn* v. *Edwards,* 57 Ind. 212; *Figart* v. *Hal-derman,* 75 Ind. 564.

Miltenberger, in selling the land, recognized his legal and moral obligation to pay the mortgage debt, notwithstanding the foreclosure, and both he and Minor treated the mortgage as a valid and subsisting security for its payment. Under these circumstances, we think that, if Miltenberger should be compelled to pay the debt, a court of equity would not hesitate to allow him to foreclose the mortgage against Minor. Mit-tenberger could waive such defence as grew out of the merger of the mortgage, and, as it was his duty to pay the debt, it was to his interest to treat the mortgage as a subsisting lien upon the property. This he might do by requiring an obligation from his vendee to assume its payment. In this case, this is what was done. Miltenberger would not sell unless Minor would agree to pay the *whole* debt. This he agreed to do, and upon this consideration the land was conveyed to him. The means were placed in his hands with which to pay the debt, and a

court of equity will not allow him to avoid the payment of the debt by urging a defence that, as between him and Mittenberger, was purely personal to the latter. Under such circumstances, a court of equity will treat the mortgage as they treated it, as a valid and subsisting lien upon the land; one that may be enforced by an ordinary foreclosure proceeding.

When this case was here before, it was said that Minor's stipulation to pay the mortgage could not operate in favor of the appellant beyond the amount for which the mortgage was foreclosed, because Minor had no notice that the residue of the mortgage debt was unpaid. In connection with the facts averred, the stipulation was properly construed; but in view of the fact that he did know that the debt was unpaid, and that he expressly agreed to pay the whole of it, the stipulation can not be thus limited. It must be deemed to be what it purports to be, an undertaking to pay the whole debt. This is what was intended and what is clearly expressed by the stipulation in the deed. In view of these facts, we think Minor is equitably estopped to say that the mortgage is not valid and binding upon him. It has been decided several times by this court that a purchaser who buys real estate subject to a mortgage which he assumes to pay can not set up the defence of usury. *Stein* v. *Indianapolis, etc., Association*, 18 Ind. 237; *Butler* v. *Myer*, 17 Ind. 77.

It has also been decided that such purchaser can not set up the defence of want or failure of consideration as between the mortgagee and mortgagor. *Price* v. *Pollock*, 47 Ind. 362.

In *Freeman* v. *Auld*, 44 N. Y. 50, the court, by GRAY, C., in passing upon a similar question, said: "The purchaser, taking title subject to it (the mortgage), is estopped from questioning its validity, and must pay it if he has agreed to; and if not, he must allow the lands conveyed subject to it, to be applied to its payment." HUNT, C., said: "The premises were purchased by the defendant, and conveyed to him 'subject, nevertheless, to certain mortgages now a lien on said premises.' * * In receiving his conveyance upon these

terms, the defendant admitted and agreed, that this $4,000 mortgage was a lien upon the premises. He can not now deny it. If the conveyance had contained the further words, 'which the said grantee hereby assumes and promises to pay,' a personal liability would also have existed, by which he could have been compelled actually to pay the mortgage, although the deed was not signed by him."

So also is Minor estopped to deny the validity of this mortgage.

Lacount does not oppose the foreclosure, but insists, as between him and Minor, the latter is the principal debtor, and that execution over should be first issued against him.

For these reasons we think the judgment should be reversed, and the cause remanded, with instructions to render a judgment of foreclosure against Minor and Lacount for the amount found due, with interest till the rendition of the judgment, and a personal judgment over, execution to issue first against Minor.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things, reversed, at the appellees' costs, with instructions to render judgment as above ordered.