No. 10,780.

## McCoy v. Monte et ux.

PLEADING.—*Action to Quiet Title.—Counter-Claim.—Demurrer.—Harmless Error.*—Where, in an action to quiet title to real estate, the defendant files a counter-claim, to which a demurrer is sustained, and the court, upon the trial, merely renders judgment against the plaintiff upon his complaint, the ruling upon the demurrer to the counter-claim, if erroneous, is harmless.

TRUST AND TRUSTEE.—*Conveyance.*—Where real estate is conveyed to A. and B., husband and wife, in trust for C., his children and their descend-

ants, if he shall have any, and in the absence of such children or their descendants in trust for the heirs of A. and B., with power to sell and convey such land with the consent of C., and reinvest the proceeds in other land to be held for the same purposes, such conveyance does not, under our statute, invest C. with the legal title to such land, and he cannot, therefore, convey it to another.

From the Jay Circuit Court.

*D. T. Taylor, J. M. Smith, T. Bailey, J. W. Headington* and *J. J. M. Lafollette,* for appellant.

*J. M. Haynes* and *S. W. Haynes,* for appellees.

BEST, C.—The appellant brought this action against the appellees to quiet his title to certain real estate in the complaint described, alleging in his complaint that he was the owner in fee simple, and that the appellees claim some interest in the land adverse to him.

The appellees filed an answer of three paragraphs. The first was a general denial and the others were special. A demurrer was overruled to the second and sustained to the third. A counter-claim was also filed, to which a demurrer was overruled. An answer in denial of the counter-claim and a reply in denial of the second paragraph of the answer completed the issues. These were submitted to the court for trial, and a finding made for the appellees. A motion for a new trial was overruled and judgment rendered upon the finding for costs.

The errors assigned are that the court erred in overruling the demurrer to the counter-claim, in overruling the demurrer to the second paragraph of the answer, and in overruling the motion for a new trial. The court, as will be observed, did not render any judgment upon the counter-claim, and hence, if the ruling upon the demurrer thereto was erroneous, it was harmless. It therefore becomes unnecessary to examine the question raised by it, and we pass it.

The second paragraph of the answer alleged, in substance, that the appellees, on the 10th day of March, 1875, purchased the land in the complaint mentioned and paid therefor $1,400; that being desirous of making some provision for one Jo-

seph Stroble, the son of Mary Monte, the wife of her co-appellee, they caused the owner of said land to convey it to them as trustees in trust for said Joseph Stroble during his natural life, subject to the following condition contained in said deed, viz.: "To have and to hold the above granted premises unto them, the said Jacob Monte and Mary Monte, as trustees, their heirs and assigns forever, in trust, for the use and benefit of Joseph Stroble, of Jay county, son of said Mary Monte, for and during the natural life of said Joseph Stroble. And if said Joseph Stroble should die, leaving a child or children, or descendants of such child or children, then in trust for such child or children, or descendants, their heirs and assigns forever; but if said Joseph Stroble should die without leaving children or descendants, then in trust for the heirs of the said Jacob Monte and Mary Monte, their heirs and assigns forever, subject, however, to the right of said Jacob Monte and Mary Monte, as trustees as aforesaid, to sell and convey said real estate by the advice and consent of said Joseph Stroble, and to invest the proceeds of such sale in other real estate as trustees in trust for the same parties, and upon the same terms and conditions as before in this conveyance set forth. And if either trustee should die, the survivor shall be authorized to sell, convey and reinvest as fully as the two can while living."

That immediately after such conveyance was made said Stroble took possession of said land and retained the same until September, 1882, when he quit the possession and quit-claimed the land to appellant for $25; that the appellant has no title thereto other than such as he acquired by said conveyance, and that the appellees have never conveyed or otherwise disposed of the same. Wherefore, etc.

The appellant claims that the conveyance mentioned in this paragraph conveyed to the appellees a nominal title only, without any power of disposition or management of the land, and, as such conveyance under our statute is deemed void as

to the trustee and a direct conveyance to the beneficiary, the paragraph was insufficient.

The statute relied upon is in these words: "A conveyance or devise of lands to a trustee, whose title is nominal only, and who has no power of disposition or management of such lands, is void as to the trustee, and shall be deemed a direct conveyance or devise to the beneficiary." R. S. 1881, sec. 2981.

Where a conveyance is made to one for the use of another, this statute, as a rule, executes the use and turns the interest of the *cestui que use* into a legal instead of an equitable estate. 1 Perry Trusts, section 298.

In such case the title of the trustee must be nominal only, and the entire estate must be given to the beneficiary. Where the title of the trustee is not nominal, and the entire estate is not given to the beneficiary, the statute does not execute the use, but the legal title remains in the trustee in trust for the beneficiary.

In this case the entire estate is not given to Joseph Stroble; at most, he is only given a life-estate, and the estate in remainder is for the use of his heirs, if any, and if not, for the heirs of the trustees. In such case the statute will not execute the use so as to confer upon him a title in fee simple, as no such estate was conveyed to his use. In case of his death without issue, the trustees are required, by the terms of the conveyance, to hold this land in trust for their own heirs. Whether this clause, upon the happening of the contingency, shall be deemed to create a valid remainder for such heirs or a fee in the trustees, it is unnecessary to determine, as in either case the statute can not operate without defeating an estate in other beneficiaries.

Again, the trustees are required, with the advice and consent of said Stroble, to sell this land and invest the proceeds in other lands for the use and benefit of the same persons. This requirement imposes a duty upon the trustees that they can not discharge without retaining the legal title, and in such case the statute never executes the use. Whenever any agency,

duty or power is imposed upon the trustee in relation to the land conveyed, the trust is said to be an active one, and the statute in such case does not execute the use. 1 Perry Trusts, section 305, and authorities there cited.

The fact that the trustees can not sell without the consent of Joseph Stroble does not, as we. think, destroy their power of disposition. This is a limitation upon such power, but notwithstanding such limitation a power of disposition was given, and in such case the statute can not operate. The confidence reposed in the trustees, and the discretion to be exercised by them in the disposition of the property and the investment of its proceeds, take this conveyance, in our opinion, out of the operation of the statute. For these reasons we think the paragraph in question was sufficient, and that the demurrer thereto was properly overruled.

No available error was committed in overruling the motion for a new trial. The appellant had no title to the property other than such as he acquired by the conveyance of Joseph Stroble, and as that did not invest him with the legal title, he was not entitled to recover, and hence it is unnecessary to examine the rulings made upon the trial, a right result having been reached.

There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.