Filed March 8, 1884.

---

No. 10,381.

LOSEY ET AL. *v.* BOND, TRUSTEE, ET AL.

PRACTICE.—*Pleading.*—The overruling of a motion to strike out part of a pleading does not constitute an available error.

SAME.—*Judgment.*—An error in sustaining a demurrer to an answer in bar of a personal judgment is not an available error, where no such judgment is rendered.

MARRIED WOMAN.—*Infancy.*—*Conveyance of Real Estate.*—An infant *feme covert* may convey or encumber her lands, in this State, by deed or mortgage in which her husband joins.

SAME.—*Disaffirmance of Conveyance.*—Such deed or mortgage is voidable, and may be affirmed or disaffirmed by such person after she attains full age.

SAME.—*Disaffirmance, How Made.*—An infant's conveyance of land in this State is disaffirmed by the execution of a deed of such land to another after such infant attains full age.

SAME.—*Affirmance of Conveyance.*—*Mortgage.*—An infant's mortgage of land in this State is affirmed by the execution of a deed of such land to another after such infant attains full age, when such deed recites that the conveyance is made subject to such mortgage.

From the Superior Court of Marion County.

*J. Hanna, F. Knefler* and *J. S. Berryhill,* for appellants.

*T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellees.

BEST, C.—Jonathan Edwards, trustee of the Equitable Trust Company of New London, Connecticut, brought this action against the appellants to foreclose a mortgage, and since the case has been appealed to this court, his death has been suggested, and Henry R. Bond and others have been substituted as appellees.

The complaint averred, in substance, that the appellee, on the 1st day of August, 1874, loaned to Robert C. Losey $3,000, payable five and one-half years after date, with ten per cent, interest, evidenced by three certain bonds of $1,000 each, with coupons for the interest, payable semi-annually, thereto attached, and to secure the same Emma J. Losey and Robert C. Losey, her husband, executed to the appellee a mortgage upon her real estate in the complaint described; that Emma J. Losey and her husband, on the 7th day of April, 1875, by warranty deed, conveyed said real estate to Marquis D. Losey, and by said deed " it was provided that said grantee took said real estate subject to the payment of the mortgage of the plaintiff; " that said Marquis D. Losey and his wife, on the 15th day of February, 1876, by warranty deed, conveyed said real estate to Margery Losey; that Margery Losey, on the 15th day of May, 1876, by warranty deed, conveyed said real estate to William S. Losey, and that said William S. Losey and wife, on the 28th day of October, 1878, by quitclaim deed, conveyed said real estate to said Emma J. Losey; that said Emma J. Losey claims that she was born on the 7th day of January, 1854, and by reason · thereof she is not bound by said mortgage. But he avers that if such is the fact, though he denies it, she can not now assert such defence against him as the conveyance of such real estate by her after she was more than twenty-

one years of age as stated, operated as an affirmance of such mortgage; that said bonds with the several coupons thereto attached are due and remain wholly unpaid; that the other defendants claim some interest in said premises, etc. Wherefore, etc.

Robert C. Losey filed an answer of three paragraphs. The first was subsequently withdrawn, a demurrer was sustained to the second and a reply in denial of the third was filed.

Emma J. Losey made an unsuccessful motion to strike out a portion of the complaint, after which she filed an answer of four paragraphs. A demurrer was sustained to the first, which alleged her minority at the time she executed the mortgage, and a reply in denial of the others was filed.

The other defendants were defaulted, the issues thus formed were tried by the court, and, over a motion for a new trial, judgment was rendered for the appellee.

The appellants appealed to the general term, where the judgment was affirmed, and from such judgment this appeal has been taken.

The assignment of error questions the various rulings made during the progress of the cause, and these will not be considered.

The second paragraph of Robert C. Losey's answer merely alleged his discharge in bankruptcy in bar of a personal judgment against him. No such judgment was rendered, and hence such ruling was harmless, if erroneous. *McCoy* v. *Monte,* 90 Ind. 441.

The refusal of the court to strike out a portion of the complaint is not an available error as has frequently been decided. *Hay* v. *State,* 58 Ind. 337; *Cox* v. *Bird,* 65 Ind. 277.

The question presented by the ruling in sustaining the demurrer to the first paragraph of the answer of Emma J. Losey is whether her subsequent conveyance of the property as stated amounted to an affirmance of the mortgage. This is the controlling question in the case.

It is well settled that an infant *feme covert* may convey her

Losey *et al. v.* Bond, Trustee, *et al.*

lands in this State by deed in which her husband joins. *Hartman* v. *Kendall,* 4 Ind. 403; *Johnson* v. *Rockwell,* 12 Ind. 76; *Scranton* v. *Stewart,* 52 Ind. 68. She may likewise encumber them by mortgage. It is also well settled that such deed or mortgage is voidable, and may be affirmed or disaffirmed by such person after she attains full age. *Law* v. *Long,* 41 Ind. 586; *Dill* v. *Bowen,* 54 Ind. 204.

The disability of coverture neither hinders her from disaffirming nor shields her from the consequences of affirming such conveyance or incumbrance. *Miles* v. *Lingerman,* 24 Ind. 385. In this respect she labors under no disability.

It is also well settled that an infant's conveyance of land in this State is disaffirmed by the execution of a deed of such land to another after such infant attains full age. *Pitcher* v. *Laycock,* 7 Ind. 398; *Riggs* v. *Fisk,* 64 Ind. 100.

This rule proceeds upon the ground that the last conveyance is entirely inconsistent with the first, and as the last is operative the first is disaffirmed.

This is not the rule, however, where the former conveyance was by way of mortgage. Such conveyance in this State only creates a lien, and a subsequent conveyance of the equity of redemption is not necessarily inconsistent with the lien created by the mortgage. It may be entirely consistent with such encumbrance. Its effect depends upon its terms, as it may or may not affirm or disaffirm the mortgage.

In this case it is not insisted that the mere conveyance of the land affects the question one way or the other, but it is insisted that as such conveyance, by its terms, was made subject to the payment of the mortgage, the conveyance of the land by the execution of such deed operated as an affirmance of the mortgage. The mere recital of the mortgage in such conveyance, it is said, is such recognition of its existence as amounts to its ratification. This position is not unsupported by authority.

In 1 Parsons on Contracts, p. 326, it is said, that whether an infant's verbal declarations can ratify his instrument under

seal may not be certain, " but it is quite certain that if, in an instrument under seal, a person recites or refers to a former instrument also under seal, made while he was a minor, this is a ratification of the first."

In *Boston Bank* v. *Chamberlin,* 15 Mass. 220, it was held that where an infant made a mortgage of his land, and after coming of age, conveyed the same land to another, subject to the mortgage, such conveyance was a confirmation of the mortgage.

In *Allen* v. *Poole,* 54 Miss. 323, it is said that if an infant makes a, mortgage, and after he arrives at age conveys the land subject to the mortgage, such conveyance confirms the mortgage.

In *Merchants' Fire Ins. Co.* v. *Grant,* 2 Edw. Ch. 544, it was held that where an infant executed a mortgage, and after attaining full age, made a will providing that all his debts should be paid, such direction evinced an intention to pay the debt, and operated as a confirmation of the mortgage.

In *Phillips* v. *Green,* 5 T. B. Mon. 344, it was held that where a person of full age conveys a portion of property in pursuance of an arrangement to convey all, and in such deed recites a conveyance made of the residue while a minor, such reference amounts to a confirmation of such conveyance.

These references show that the mere recital of such encumbrance in a subsequent conveyance is such recognition of its continued existence as amounts to an affirmation of its validity, and in the light of these authorities it would seem that the stipulation in appellant's deed must be deemed a confirmation of the mortgage.

In addition to this, it will be observed that the stipulation in this deed is not a mere recital of the continued existence of the mortgage, but it makes a distinct and independent provision for its payment. The stipulation is that the vendee takes the property subject to the payment of the mortgage. This is a provision for its payment. The means with which to make it are placed in the vendee's hands, and the duty is

imposed upon him to satisfy the mortgage out of the property. Having accepted the conveyance, with this stipulation, he can not dispute the validity of the mortgage nor resist the collection of the debt from the property. *Freeman* v. *Auld,* 44 N. Y. 50; *Hill* v. *Minor,* 79 Ind. 48.

, This stipulation may not impose a personal obligation upon the vendee to pay the mortgage, but it created the relation of principal and surety between the parties, and if thereafter, and before the reconveyance, the mortgagors had paid the debt, they would have been entitled to be subrogated to the rights of the mortgagee, and to enforce the same against the property. *Josselyn* v. *Edwards,* 57 Ind. 212; *Figart* v. *Halderman,* 75 Ind. 564; *Hill* v. *Minor, supra.*          ∖

The right reserved to resort to the property, and the provision thus made for its payment, fixed the mortgage as a charge upon the land, and this, as we think, necessarily operated as a confirmation of the mortgage.

The demurrer was, therefore, properly sustained, and as the motion for a new trial presents no other question, it was properly overruled.

There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellant's costs.

