Ellis *et al. v.* Johnson, Trustee.

Filed June 24, 1884.

---

No. 10,205.

## ELLIS ET AL. *v.* JOHNSON, TRUSTEE.

MORTGAGE.—*Assumption of Payment of Mortgage Debt.*—*Conveyance.*—*Principal and Surety.*—*Vendor and Vendee.*—A grantee of real estate, the deed of conveyance to whom contains a stipulation for his assumption of a debt secured by mortgage thereon, which debt his grantor is personally bound to pay, becomes, by the acceptance of such deed, personally bound to the mortgage creditor ; as between such grantee and his grantor, the former becomes the principal debtor, while the latter becomes a surety.

SAME.—*Foreclosure.*—*Pleading.*—*Exhibits.*—*Deeds.*—*Suit by Assignee of Mortgage Debt.*—*Effect as to One Grantee of Release of Another Grantee.*—A. executed his mortgage on each of a number of town lots, to secure his notes given for the purchase-money thereof. He sold an undivided one-third interest in the lots to B., who was to pay one-third of the notes, and on sale of the lots, to share in that ratio in the profits and losses, the title to remain in A. for the benefit of A. and B. They sold, and A. conveyed, the lots to C., who sold and conveyed a portion of them to D. and the remainder to F. D. afterwards sold and conveyed his portion to F. By each of the deeds of conveyance, the grantee, as part of the purchase-money, assumed and agreed to pay the notes secured by the mortgages on the lots conveyed to him. The notes becoming due and remaining

unpaid, A. and B. furnished money to G. to pay the notes and mortgage and procure assignments thereof to G. as trustee for A. and B.   G. paid the money to the assignee and holder of the notes and mortgages, and procured him to assign the notes to G., who, having notified the persons who had assumed the notes and mortgages that he accepted their assumptions, and having demanded payment of them, brought his suit as such trustee against F. to foreclose the mortgages, and for personal judgment on the notes against F.

*Held,* that it was not necessary in such suit, for the purpose of enforcing against F. his assumption of the debt, to exhibit, as parts of the complaint, the deeds of conveyance to said grantees prior to F., and not necessary for the foreclosure of the mortgage to exhibit any of said deeds of conveyances.

*Held,* also, that whatever may have been the effect as against F. of the agreement between A. and B., the actual assignment to G. gave him a right of action as trustee of A. and B.

*Held,* also, that the fact that after the conveyance by D. to F., and before notice to F. of such acceptance by G., C., for a valid consideration, released D. from his liability on his said assumption, would not operate to release F., the principal debtor, from his liability to G.

From the Johnson Circuit Court.

*A. B. Young,* for appellants.

BLACK, C.—The appellee brought suit in the Superior Court of Marion county, his complaint consisting of fourteen paragraphs, to foreclose fourteen mortgages, each on one of fourteen lots in an addition to the city of Indianapolis, and to obtain a personal judgment against George W. Ellis upon notes secured by said mortgages, being four notes to each mortgage, payable in three, four, five and six years from their date.   Said notes and mortgages were executed for the purchase-money of said lots by one Vajen and his wife to one Post in 1872.

It was alleged that Vajen afterwards sold an undivided one-third interest in said real estate to one Baldwin, upon the condition that the latter should pay one-third part of the purchase-price, as evidenced by said notes, and that upon the sale of said real estate he should share in the profits or losses arising out of such ownership and sale, according to his said

Ellis *et al. v.* Johnson, Trustee.

interest of one-third, it being agreed that the title to said real estate should remain in said Vajen for the common benefit of himself and Baldwin, according to their interests. It was alleged that in 1873 Vajen and Baldwin sold, and Vajen conveyed, said real estate to Parker and Hanway, who, as a part of the purchase-money therefor assumed and agreed to pay said notes, such assumption and agreement being stipulated in the deed of conveyance to Parker and Hanway; that afterwards Parker and Hanway sold and conveyed ten of said lots, those described in the first ten paragraphs of the complaint, to said George W. Ellis, who likewise, as a part of the purchase-money, assumed and agreed to pay the notes secured by said mortgages on said ten lots, said assumption and agreement being stipulated in the deed of conveyance to said Ellis; that Parker and Hanway sold and conveyed the other four of said fourteen lots to one Bladen, who likewise, as a part of the purchase-money, assumed and agreed to pay said notes secured by said mortgages on said four lots, his said assumption and agreement being stipulated in the deed of conveyance to him; that Bladen afterwards sold and conveyed said four lots to said Ellis, who likewise, as a part of the purchase-money, assumed and agreed to pay said notes secured by mortgages on said four lots, said assumption and agreement being evidenced in like manner. Said notes being due and unpaid, Vajen and Baldwin furnished money to the plaintiff for the purpose of paying said notes and mortgages and procuring the assignment thereof by the holder to the plaintiff, as trustee of Vajen and Baldwin. Thereupon the plaintiff paid said money to the assignee and holder of said notes and mortgages, and procured him to assign said notes to the plaintiff, who alleged that he held them in trust for said Vajen and Baldwin, according to their said respective interests. And he alleged that before the commencement of this action he notified all and each of said persons who so assumed and agreed to pay said notes and mortgages, that he accepted the benefit of their assumptions and agree-

ments to pay, and demanded that they comply therewith and pay said notes.

Parker, Hanway, Bladen, Ellis and his wife were made defendants. The Citizens National Bank of Indianapolis also was made a defendant, it being alleged that said bank had or claimed some interest in said real estate, which, if it existed, was junior and subject to the rights of the plaintiff.

George W. Ellis demurred to each paragraph of the complaint for want of sufficient facts, and the demurrer was overruled. He answered in a number of paragraphs, the first being a general denial. The only other paragraphs of his answer that need be specially mentioned were the fifth and sixth. By the fifth paragraph, which was directed to the first ten paragraphs of the complaint, it was in effect alleged that in 1876, and long before said Ellis had any notice or information that Pope, Vajen, Baldwin, or the plaintiff had elected or intended or proposed to avail themselves severally or otherwise of the stipulation of assumption in the deed of conveyance executed by Parker and Hanway to said Ellis, he, in pursuance of an agreement between him and Parker and Hanway, reconveyed the lots described in said ten paragraphs to Parker and Hanway, by a deed by the terms of which the grantees assumed and agreed to pay said debts so secured by mortgages on said ten lots, and agreed to fully release and discharge said Ellis from his obligation to said Parker and Hanway on account of said assumption stipulated in the deed of conveyance of Parker and Hanway to Ellis.

The sixth paragraph of the answer of Ellis, directed to the last four paragraphs of the complaint, so far as they sought a personal judgment against Ellis, alleged that in 1877, and before notice to said Bladen or said Ellis of the intention of any person to claim or assert any right under the stipulation for the assumption by said Bladen of the mortgage debts mentioned in said four paragraphs, Bladen conveyed certain property and made certain payments of money to Parker and Hanway, who, in consideration thereof, agreed to release, and

did release, Bladen and Ellis from all liability in favor of Parker and Hanway on account of said stipulation and agreement of assumption of said Bladen.

The plaintiff replied by a general denial. The venue was changed to the Johnson Circuit Court. The suit having been dismissed as to the defendant Bladen, the other defendants, except Ellis, were defaulted. The cause was tried by the court, and a special finding was rendered. Ellis excepted to the conclusions of law, and moved unsuccessfully for a new trial, and judgment was rendered against Ellis for the sum of $2,999.42, and the foreclosure of said mortgages was decreed.

All the judgment defendants are appellants except the wife of Ellis, who, having been notified, has declined to join; but Ellis alone assigns error.

It is well settled in this State that a grantee of real estate, the deed of conveyance to whom contains a stipulation for his assumption of a debt secured by mortgage thereon, which debt his grantor is personally bound to pay, becomes, by the acceptance of such deed, personally bound to the mortgage creditor; that as between such grantee and his grantor, the former becomes the principal debtor, while the latter becomes a surety. *McDill* v. *Gunn*, 43 Ind. 315; *Josselyn* v. *Edwards*, 57 Ind. 212; *Hoffman* v. *Risk*, 58 Ind. 113; *Smith* v. *Ostermeyer*, 68 Ind. 432; *Figart* v. *Halderman*, 75 Ind. 564; *Hill* v. *Minor*, 79 Ind. 48.

While the deeds of conveyance from Parker and Hanway to Ellis and Bladen, and that of Bladen to Ellis, were made exhibits of the complaint, that of Vajen to Parker and Hanway was not set out; and it is urged, in objection to the complaint, that it was necessary, as against Ellis, to set out a copy of the last mentioned deed. The objection can not be sustained. The deed of Vajen did not constitute the foundation of the action against Ellis upon his assumption of the mortgage debt, and as to the claim against Ellis for a personal judgment, it was sufficient to state the legal effect of

Ellis *et al. v.* Johnson, Trustee.

the deeds prior to those containing the stipulations for the assumption of the debt by Ellis. Besides, the complaint was sufficient for the purpose of the foreclosure of the mortgages as against Ellis without exhibiting any of the deeds of conveyance.

It is further urged against the complaint, that the alleged agreement between Vajen and Baldwin was void under the statute of frauds, and that, therefore, Baldwin did not acquire any rights as against Ellis. It is not material whether Baldwin received any ownership of the real estate or became liable to Pope, the original creditor. It was shown that there was an actual assignment to the appellee as trustee of Vajen and Baldwin, neither of whom was bound to Ellis to pay the debt; and it is not necessary to determine what would have been the result of payment by Vajen and Baldwin without such assignment of the debt, for which Ellis was bound as a principal debtor. There was no error in the ruling upon the demurrer to the complaint.

We need not take space to set out the special finding; it will suffice to notice the objections urged against it not disposed of by what has already been said.

It is insisted that in order to support a conclusion that Ellis was personally liable to the plaintiff, it should have been stated in the finding of facts that Ellis was personally liable for the mortgage debt when it was assigned to the plaintiff. This would have been a statement of a conclusion of law where it was proper to state facts only.

The court found that after the sale by Bladen to Ellis, and the assumption by the latter of the debts secured by the mortgages on the four lots conveyed to him by the former, and prior to the date at which Ellis was notified by the appellee that he accepted the assumption by Ellis of said mortgage debts, Parker and Hanway, upon a valid consideration, agreed to release, and did release, Bladen from any further liability on account of his assumption of the notes of Vajen to Pope.

In discussing the special finding and the motion for a new

trial, in which it was assigned as cause that the damages were excessive, it has been insisted that the release of Bladen operated as a release of Ellis as to said notes secured by said four mortgages. At the time of Bladen's release he had become, as between him and Ellis, a surety, and Ellis had become the principal. Whatever effect such release might have upon the liability of Bladen to the appellee, it could not affect the liability of Ellis to the appellee; Ellis had no interest in the preservation of the liability of Bladen to Parker and Hanway, or to the creditor. See *Tripp* v. *Vincent*, 3 Barb. Ch. 613; *Bentley* v. *Vanderheyden*, 35 N. Y. 677; Jones. Mort., sections 741, 983.

On the trial Ellis offered in evidence a certain transcript of the record of an action brought by Parker and Hanway against Ellis. Upon objection made by the appellee, this offered evidence was excluded. It appears by the proffered record that in the action of which it was a record an amended complaint was filed, but it is not set forth. At the place where it should appear are the words " here insert," in parenthesis. After the filing of this amended complaint, the attorneys for the plaintiffs withdrew their appearance, and the cause was submitted for trial " as to the defendant's cross bill." The finding and the judgment refer to the complaint, and without it they are unintelligible. For this reason there was no error in excluding the record, and we need not inquire whether there would have been any sufficient reason for rejecting a perfect record of the action.

The court also, upon objection of the appellee, rejected an offer of Ellis to prove by Bladen as a witness, that in a conversation between Bladen and Parker, in 1876, the latter stated " that the matter of the transfer of the lots by Mr. Ellis back to Parker and Hanway and the settlement of the matter had been concluded upon, and the whole matter adjusted between them."

There was evidence showing some negotiations of Ellis with Parker for the reconveyance by the former to Parker

and Hanway of the ten lots described in the first ten paragraphs of the complaint; but the evidence did not show the accomplishment of such a result. The deed of conveyance would have been the best evidence to prove such a reconveyance. If it could not be produced, the offered statement of Parker, if it could be said to indicate a reconveyance, did not indicate any consideration therefor; and we do not find that there was any proper offer to show, or statement of an intention or profession of ability to show, a consideration for a reconveyance. The declaration of Parker was not offered as part of the *res gestæ* of any act or fact. Aside from its indefiniteness, it was hearsay as between Ellis and the appellee.

It is finally insisted that the court allowed the appellee compound interest. By computation we do not find this claim to be true.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

