Crist *et al. v.* Schank *et al.*

---

CRIST ET AL. *v.* SCHANK ET AL.

[No. 17,906.   Filed November 24, 1896.]

WILLS.—*Construction.—Active Trust.*—Testator devised real estate to his wife in trust, that in the event C. marries and has issue and the wife thought it advisable, she might convey the real estate to such "issue or children," and in case no such conveyance was made the real estate was to go at the wife's death to a certain township for school purposes.  *Held,* That the trust created by the will was in the nature of an active one, that the interest of C.'s children was dependent upon the action of the wife in conveying same to them, and that by conveyance to one of C.'s children, the other children acquired no interest therein.

From the Perry Circuit Court.  *Affirmed.*

*J. T. Patrick, O. C. Minor* and *E. C. Henning,* for appellants.

*C. A. Weathers* and *Leach & Odle,* for appellees.

JORDAN, C. J.—Appellants, John M. Crist and Maggie Norton, instituted this action to recover possession of the east half of the southwest quarter, and the southeast quarter of the northwest quarter of section six, town seven, range one west, situated in Perry county, Indiana. They alleged, among other things, in their complaint, that they were the owners in fee-simple and entitled to the possession of an undivided two-thirds of said lands; that the defendant, Schank, held possession of the real estate, and for nineteen years had unlawfully kept them out of possession, and they demanded judgment for possession and $2,000.00 damages, etc.

Upon a trial by the court there was judgment in favor of the appellee. The appellants predicate their alleged error upon the action of the trial court in overruling their motion for a new trial which, in the main, was based upon the following reasons:

1st. That the decision was not sustained by the evidence.

2d. That the decision is contrary to law.

The evidence, as it appears in the record, establishes the following facts: John Riggs died in 1850, the owner of the real estate in dispute, leaving Polly Riggs as his widow. Previous to his death, in 1849, he executed his last will and testament, which after his death was duly probated. By this will, the testator, after giving certain moneys and incomes to his wife, Polly Riggs, and to Nancy Crist, sister of the latter, and after devising other personal property to the inhabitants of Congressional township seven, south of range one west, in Perry county, Indiana, for the use of the common school fund, etc., disposed of his real estate as follows:

"I do hereby give and bequeath the rents and profits of all my real estate to my said wife and Nancy Crist

during their natural lives, share and share alike, and whichever may survive the other, then the survivor shall have the whole of such rents and profits to the day of her death. And I do hereby give and devise all of my said real estate to my said wife, to be held by her in trust for the following purposes, to-wit: In case James Crist marries and has issue, and my said wife may think it advisable so to do, she may convey, by deed or otherwise, all of my said real estate to such issue or children of the said James Crist, and in case no such conveyance is made by my said wife to such children or issue of the said James Crist, I do give and devise all my said real estate to the said Congressional township seven, south of range one, west, to be used and managed by said township the same as other school lands," etc.

After the death of the testator, James Crist, who was a nephew of the wife of the testator, married, and the following children were the fruits of said marriage, namely: Benjamin F. Crist, born June 28, 1852; John M. Crist, born October 22, 1853; Maggie Norton, *nee* Crist, born October 2, 1857, the last two being the appellants in this appeal.

On August 3, 1852, Polly Riggs, the surviving wife, executed a deed conveying the land in question to Benjamin F. Crist, the infant son of John Crist. She recited in said deed of conveyance that she was the widow of John Riggs, deceased, and that by virtue of the trust to her granted by the last will of her said husband, and for the love she bore to Benjamin F. Crist, son of James and Elizabeth Crist, and for the further consideration of $5.00 to her paid, that she did "hereby bargain, barter, sell and convey to Benjamin F. Crist, son and only issue of James and Elizabeth Crist," the following real estate, describing it, being the same now in controversy. The deed also recited the probate

of the will, giving the record, etc., and stated that Nancy Crist and the grantor had a life estate in said lands, and after their death the conveyance was to operate as a "fee-simple conveyance" of the land to Benjamin F. Crist, his heirs and assigns forever, etc. Nancy Crist, one of the life-tenants, died in 1864, and Polly Riggs, the other life-tenant, died in 1865. James Crist, the father of Benjamin F. Crist, with his family moved onto this land in 1865, after the death of Polly Riggs. James Crist died soon thereafter, and Benjamin F. Crist, together with his mother and the other two children, John M. and Maggie Crist, continued to reside on this land until 1875. On January 15, 1875, Benjamin F. Crist sold and conveyed this land to the appellee for the sum of $2,000.00, and the latter, under this deed, went into possession thereof in January, 1875. There is evidence that the appellants made no claim to the land until about one year before the commencement of this action, this, however, is disputed by the evidence given by them in their own behalf.

It is insisted by their counsel that under the provision of the will of John Riggs, heretofore set out, two estates were created, namely, a life estate in Polly Riggs and Nancy Crist and a contingent remainder to the children of James Crist in the event he married and had issue; said remainder, they say, being held in trust by the life tenant, Polly Riggs.

Clearly, this contention of the appellants, under the evidence, cannot be sustained. We have seen, by the provisions of the will in dispute, that the testator devised all of his real estate to his wife, Polly Riggs, to be held in trust by her, and in the event James Crist married and had "issue," and the wife thought it advisable to do so, then it provided that "she may convey by deed or otherwise all of my real estate to such issue or children." It further provided that in case

no such conveyance was made by the wife, then the land was to go to the Congressional township. Manifestly, the will did not operate to pass any title directly to the "issue or children" of James Crist, but their taking title depended upon the action of Mrs. Riggs in conveying the same to them by deed as provided by the will. In the absence of such a conveyance by her, it appears to have been the intention and desire of the testator that his lands, after the death of the two life tenants, should go to the township mentioned. At the time Mrs. Riggs executed the deed to Benjamin F. Crist, appellee's grantor, the appellants were not in being, hence it cannot be said that they took any title under this conveyance. If it can be urged that the conveyance of the land by Polly Riggs to Benjamin F. Crist alone, who was the only child at that time of James Crist, was not within the meaning of the will, and therefore did not vest the title in him, then it would not follow, as a sequence that the title to the land in controversy was vested in appellants. For, in the absence of the act of conveyance by the trustee, it was to go to the township. The trust created by the will is, apparently, in the nature of an active one, as it, at least, required the agency of the trustee to execute it. See *Locke* v. *Barbour*, 62 Ind. 577; *McCoy* v. *Monte*, 90 Ind. 441.

Upon any view of the question, it is evident that there is an entire lack of title in appellants. They were required, under section 1069, Burns' R. S. 1894 (1057, R. S. 1881), to recover upon the strength of their own title, and the burden was cast upon them to show title in themselves, before they could recover against the appellee in possession, even if it could be conceded that the latter had no title to the premises.

The judgment is a correct result under the facts in the case, and is therefore affirmed.